**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOSE GONZALEZ GOMEZ, | ) | |
| ADRIAN MARGARITO LOPEZ-ARENAS | ) | |
| ALEJANDRO NAVAEZ-USCANGA | ) | |
| ALFONSO FAVELA-HERRERA | ) | |
| ALFREDO ALFONSO SANCHEZ-VALDEZ | ) | |
| ANTONIO LOPEZ-HERNANDEZ | ) | Case No. _____ |
| ANTONIO MARTINEZ-MARTINEZ | ) | |
| CLAUDIO REY SALAS-LOPEZ | ) | |
| DAVID PALMA-MARTINEZ | ) | |
| FIDEL MEDRANO-RENTERIA | ) | |
| GERARDO JOEL QUINONES-VARGAS | ) | |
| J. ASCENCION ADAME-GUERRERO | ) | |
| JAVIER DIODONEY-CARABALLO | ) | |
| JESUS SALVADOR  HERNANDEZ-DEVORA | ) | |
| JOEL QUINONES-MEDINA | ) | |
| JORGE PALMA-MARTINEZ | ) | |
| JOSE LUIS MARTINEZ-MEDRANO | ) | |
| JUAN CARLOS GALAVIZ-GARCIA | ) | |
| JUAN JOSE GALINDO-GARCIA II | ) | |
| JUAN JOSE MARTINEZ-MEDRANO | ) | |
| LEONEL QUINONES-VARGAS | ) | |
| LUIS ARRIETA-BRAVO | ) | |
| MARCO ANTONIO  RODRIGUEZ | ) | |
| MIGUEL ANGEL ROCHA-GUTIERREZ | ) | |
| NOE BAZALDUA-SANCHEZ | ) | |
| RAMON ENRIQUE AVILA-VILLA | ) | |
| RICARDO ANTONIO RIQUELME-HERNANDEZ | ) | |
| SERGIO LOZANO-CORONADO | ) | |
| TOMAS FAVELA-RODRIGUEZ | ) | |
| VICTOR JOSE ANGEL CHAIREZ-CENISEROS | ) | |
| AARON JACOB WILLIS | ) | |
| ABRAHAM DE JESUS BARRERA | ) | |
| ADAMS DEIVI ORTIZ-GARCIA | ) | |
| ALEXIS SANTIAGO-LOPEZ | ) | |
| ANAIS ESPERANZA GARCIA-MORALES | ) | |
| ANDRES EDUVIGE LIRIANO-DEVORA | ) | |
| ANGEL BAEZ | ) | |
| ANGEL F. HERNANDEZ-NIEVES | ) | |
| ANGEL L. TORRES-COTTO | ) | |

ANGEL LUIS ORTIZ-PEREZ                              )
ANTONIO ("TONY") SANTANA-ARCE                       )
APOLINAR TRINIDAD-DELOSSANTOS                       )
ARNALDO JARED PENA-DELGADO                          )
ATCEN JOEL CORSINO                                  )
AUSTIN TYLER BLACK                                  )
CARLOS MARTINEZ-REYES                               )
CARLOS ALFREDO REYES-VILLEGAS                       )
CARLOS DANIEL SANCHEZ-ALVAREZ                       )
CARLOS M. SUSTAITA, JR.                             )
CESAR AUGUSTO   ROMEU-FLORES                        )
CHARLES NELSON                                      )
CHRISTOPHER MICHAEL JONES                           )
CHRISTOPHER MICHAEL SMITH                           )
CIPRIANO ISLAS                                      )
CLAUDIA BEATRIZ PERAZA                              )
DAN ELVIS RAMIREZ-MARRERO                           )
DAVID RODRIGUEZ BRACERO                             )
DEVON J. WHITMORE                                   )
EDWIN OMAR VARGAS RESTO                             )
EDWIN EDUARDO  CARDENAS-PERALES                     )
EDY SIKLER                                          )
ELLIS D. COX                                        )
ERICK ZAYAS-MORALES                                 )
ETHAN M. JOHNSON                                    )
FABIAN DELGADO-GONZALEZ                             )
FABIAN QUEZADA-AVILA                                )
FERNANDO  FLORES-CARDENAS                           )
FRANCISCO JAVIER HERNANDEZ                          )
FREDERICK TYRONE-WHITBY                             )
GREGORIO HERNANDEZ                                  )
HERMINIO SEGARRA                                    )
IRVING JOEL COLLAZO-MERCADO                         )
IVAN CORTES-DOMINGUEZ                               )
JAM CARLOS SANTIAGO-MALDONADO                       )
JEFFREY CHARLES SCHELBAR                            )
JELFRY ALEJANDRO BARIAS                             )
JESSE MICHAEL CARPENTER                             )
JOHNNY CRUZ-LUNA                                    )
JONATHAN RIOS-ARGUETA                               )
JONATHAN RIVERA-BONILLA                             )
JORGE LUIS  AYALA-SANTANA                           )
JOSE A. PINEDA MEJIA                                )

JOSE AGUSTIN PEREZ-ARROYO                      )
JOSE ALBERTO GONZALEZ-GOMEZ                     )
JOSE ANTONIO VARGAS-GUZMAN                      )
JOSE E. MARTINEZ ROQUE                          )
JOSE JUAN ARCHILLA                              )
JOSHUA ISAAC ORTIZ-LUNA                         )
JOSUE IRIZARRY-PEREZ                            )
JUAN CARLOS RODRIGUEZ                           )
JULIO JOSUE VERGARA-MARTINEZ                    )
JUNIOR JOSE GRIMONT-YANEZ                       )
JUSTO A. VILLARREAL                             )
KELVIN SOTO-SOTO                                )
KELVIN DAVID RESTO-MONTANEZ                     )
KEVIN REY-ANCHONDO                              )
KEVIN ANTONIO GUEVARA-CORDERO                   )
LIZZETH JACQUELINE BLANCO                       )
LORENZO MELGAREJO-GAMEZ                         )
LUIS TROCHE-PINTO                               )
LUIS ALBERTO ORELLANO-RODRIGUEZ                 )
LUIS DANIEL DELGADO-RIVERA                      )
LUIS ENRIQUE RODRIGUEZ                          )
LUIS O. VERGARA-MARTINEZ                        )
MANUEL MALDONADO-RODRIGUEZ                      )
MARCELINO ESTRADA                               )
MARLIS C. MORALES-MOLINA                        )
MARTIN FRANCISCO VARELA II                      )
MATTHEW ANDREW BLACK                            )
MERWEEN R. MARRERO-RODRIGUEZ                    )
MICHAEL SANCHEZ-MOLINA                          )
MITSON TOM                                      )
NICOLAS QUEZADA-AVILA                           )
OCTAVIO RODRIGUEZ                               )
RAYMUNDO SILVA-QUINONEZ                         )
REICHY ERAM                                     )
REUEL TIRADO-ORTIZ                              )
ROGELIO MORALES-ROBLES                          )
RUBEN GAMINO CRUZ                               )
SALVADOR JOSEPH VILLARREAL                      )
SAMUEL ANTONIOMOLINA-LOPEZ                      )
SERGIO ROMAN RODRIGUEZ                          )
SONIA LOPEZ-LUIS                                )
STEPHANE BLAKE HARMON                           )
STEVEN J. HOLDEN                                )

THOMAS EDWARD PONDS                              )
TYRONE ALVIN SCOTT EL                            )
ZACHARY PAULEY                                   )
MICHAEL ARCHILLA                                 )
ANDRES SANTANDER-ESPINOZA                        )
MARCOS XAVIER PAGAN-SANTIAGO                     )
GUILLERMO A. SUAREZ                              )
JUAN JOSE PALMA-MARTINEZ                         )
Individually and all other persons similarly situated )
                 Plaintiffs,        )
    v.                                          )
                                                )
EPIC LANDSCAPE PRODUCTIONS, L.C.                 )
SERVE: John A. Constant, Registered Agent        )
     17755 Mission Road                       )
     Stilwell, KS 66085                       )
               Defendant.           )

## COMPLAINT
### *Class and Collective Action Claims*

133 Plaintiffs, who were previously employed or are currently employed by Defendant Epic Landscape Productions, L.C. ("Defendant" or "Epic"), hereby set forth this representative action for violations of the Fair Labor Standards Act ("FLSA") under §216(b) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendant for overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail and refuse to pay all overtime compensation due and owing to Plaintiffs, and all other similarly situated employees, and doing so is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq.*

2.     Defendant's pay practices and policies are in direct violation of the FLSA and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23, and therefore Plaintiffs, on behalf of

themselves and all others similarly situated, seek declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

3.     Jose Gonzalez Gomez is currently employed by Epic and primarily works out of its Kansas location.

4.     Adrian Margarito Lopez-Arenas was employed by Epic and primarily worked out of its Kansas location.

5.     Alejandro Navaez-Uscanga is currently employed by Epic and primarily works out of its Kansas location.

6.     Alfonso Favela-Herrera is currently employed by Epic and primarily works out of its Kansas location.

7.     Alfredo Alfonso Sanchez-Valdez is currently employed by Epic and primarily works out of its Kansas location.

8.     Antonio Lopez-Hernandez was employed by Epic and primarily worked out of its Kansas location.

9.     Antonio Martinez-Martinez was employed by Epic and primarily worked out of its Kansas location.

10.     Claudio Rey Salas-Lopez is currently employed by Epic and primarily works out of its Missouri location.

11.     David Palma-Martinez was employed by Epic and primarily worked out of its Kansas location.

12.     Fidel Medrano-Renteria is currently employed by Epic and primarily works out of its Kansas location.

13.     Gerardo Joel Quinones-Vargas is currently employed by Epic and primarily works out of its Missouri location.

14.     J. Ascencion Adame-Guerrero was employed by Epic and primarily worked out of its Kansas location.

15.     Javier Diodoney-Caraballo was employed by Epic and primarily worked out of its Kansas location.

16.     Jesus Salvador Hernandez-Devora was employed by Epic and primarily worked out of its Missouri location.

17.     Joel Quinones-Medina is currently employed by Epic and primarily works out of its Missouri location.

18.     Jorge Palma-Martinez was employed by Epic and primarily worked out of its Kansas location.

19.     Jose Luis Martinez-Medrano is currently employed by Epic and primarily works out of its Kansas location.

20.     Juan Carlos Galaviz-Garcia was employed by Epic and primarily worked out of its Kansas location.

21.     Juan Jose Galindo-Garcia II is currently employed by Epic and primarily works out of its Kansas location.

22.     Juan Jose Martinez-Medrano is currently employed by Epic and primarily works out of its Kansas location.

23.     Leonel Quinones-Vargas is currently employed by Epic and primarily works out of its Missouri location.

24.     Luis Arrieta-Bravo was employed by Epic and primarily worked out of its Missouri location.

25.     Marco Antonio Rodriguez was employed by Epic and primarily worked out of its Kansas location.

26.     Miguel Angel Rocha-Gutierrez is currently employed by Epic and primarily works out of its Kansas location.

27.     Noe Bazaldua-Sanchez was employed by Epic and primarily worked out if its Kansas location.

28.     Ramon Enrique Avila-Villa was employed by Epic and primarily worked out of its Kansas location.

29.     Ricardo Antonio Riquelme-Hernandez was employed by Epic and primarily worked out of its Kansas location.

30.     Sergio Lozano-Coronado was employed by Epic and primarily worked out of its Kansas location.

31.     Tomas Favela-Rodriguez is currently employed by Epic and primarily works out of its Kansas location.

32.     Victor Jose Angel Chairez-Ceniseros is currently employed by Epic and primarily works out of its Kansas location.

33.     Aaron Jacob Willis was employed by Epic and was primarily worked out of its Kansas location.

34.     Abraham de Jesus Barrera was employed by Epic and primarily worked out of its Missouri location.

35.     Adams Deivi Ortiz-Garcia was employed by Epic and primarily worked out of its Kansas location.

36.     Alexis  Santiago-Lopez is currently employed by Epic and primarily works out of its Kansas location.

37.     Anais Esperanza Garcia-Morales was employed by Epic and primarily worked out of its Kansas location.

38.     Andres Eduvige Liriano-Devora was employed by Epic and primarily worked out of it Kansas location.

39.     Angel Baez is currently employed by Epic and is primarily works out of its Kansas location.

40.     Angel F. Hernandez-Nieves is currently employed by Epic and is primarily works out of its Kansas location.

41.     Angel L. Torres-Cotto was employed by Epic and primarily worked out of its Kansas location.

42.     Angel Luis Ortiz-Perez was employed by Epic and primarily worked out of its Kansas location.

43.     Antonio ("Tony") Santana-Arce is currently employed by Epic and primarily works out of its Kansas location.

44.     Apolinar Trinidad-DeLosSantos was employed by Epic and primarily works out of its Kansas location.

45.     Arnaldo Jared Pena-Delgado was employed by Epic and primarily worked out of its Kansas location.

46.     Atcen Joel Corsino was employed by Epic and primarily worked out of its Kansas location.

47.     Austin Tyler Black was employed by Epic and primarily worked out of its Kansas location.

48.     Carlos  Martinez-Reyes is currently employed by Epic and primarily works out of its Kansas location.

49.     Carlos Alfredo Reyes-Villegas was employed by Epic and primarily worked out of its Kansas location.

50.     Carlos Daniel Sanchez-Alvarez was employed by Epic and primarily worked out of its Kansas location.

51.     Carlos M. Sustaita, Jr. is currently employed by Epic and primarily works out of its Missouri location.

52.     Cesar Augusto Romeu-Flores was employed by Epic and primarily worked out of its Kansas location.

53.     Charles Nelson was employed by Epic and primarily worked out of its Kansas location.

54.     Christopher Michael Jones is currently employed by Epic and primarily works out of its Missouri location.

55.     Christopher Michael Smith was employed by Epic and primarily worked out of its Kansas location.

56.     Cipriano Islas was employed by Epic and primarily worked out of its Kansas location.

57.     Claudia Beatriz Peraza was employed by Epic and primarily worked out of its Kansas location.

58.     Dan Elvis Ramirez-Marrero was employed by Epic and primarily worked out of its Kansas location.

59.     David Rodriguez Bracero was employed by Epic and primarily worked out of its Kansas location.

60.     Devon J. Whitmore is currently employed by Epic and primarily works out of its Missouri location.

61.     Edwin Omar Vargas Resto was employed by Epic and primarily worked out of its Kansas location.

62.     Edwin Eduardo Cardenas-Perales was employed by Epic and primarily worked out of its Kansas location.

63.     Edy Sikler was employed by Epic and primarily worked out of its Missouri location.

64.     Ellis D. Cox was employed by Epic and primarily worked out of its Missouri location.

65.     Erick Zayas-Morales was employed by Epic and primarily worked out of its Kansas location.

66.     Ethan M. Johnson was employed by Epic and primarily worked out of its Missouri location.

67.     Fabian Delgado-Gonzalez was employed by Epic and primarily worked out of its Kansas location.

68.     Fabian Quezada-Avila was employed by Epic and primarily worked out of its Kansas location.

69.     Fernando Flores-Cardenas was employed by Epic and primarily worked out of its Kansas location.

70.     Francisco Javier Hernandez is currently employed by Epic and primarily works out of its Kansas location.

71.     Frederick Tyrone-Whitby is currently employed by Epic and primarily works out of its Missouri location.

72.     Gregorio Hernandez is currently employed by Epic and primarily works out of its Kansas location.

73.     Herminio Segarra was employed by Epic and primarily worked out of its Kansas location.

74.     Irving Joel Collazo-Mercado was employed by Epic and primarily worked out of its Kansas location.

75.     Ivan Cortes-Dominguez is currently employed by Epic and primarily works out of its Missouri location.

76.     Jam Carlos Santiago-Maldonado was employed by Epic and primarily worked out of its Kansas location.

77.     Jeffrey Charles Schelbar was employed by Epic and primarily worked out of its Kansas location.

78.     Jelfry Alejandro Barias was employed by Epic.

79.     Jesse Michael Carpenter was employed by Epic and primarily worked out of its Missouri location.

80.     Johnny Cruz-Luna is currently employed by Epic and primarily works out of its Kansas location.

81.     Jonathan Rios-Argueta is currently employed by Epic and primarily works out of its Kansas location.

82.     Jonathan Rivera-Bonilla was employed by Epic and primary worked out of its Kansas location.

83.     Jorge Luis Ayala-Santana was employed by Epic and primarily worked out of its Kansas location.

84.     Jose A. Pineda Mejia was employed by Epic and primarily worked out of its Kansas location.

85.     Jose Agustin Perez-Arroyo was employed by Epic and primarily worked out of its Kansas location.

86.     Jose Alberto Gonzalez-Gomez is currently employed by Epic and primarily works out of its Kansas location.

87.     Jose Antonio Vargas-Guzman was employed by Epic and primarily worked out of its Kansas location.

88.     Jose E. Martinez Roque was employed by Epic and primarily worked out of its Kansas location.

89.     Jose Juan Archilla was employed by Epic and primarily worked out of its Kansas location.

90.     Joshua Isaac Ortiz-Luna was employed by Epic.

91.     Josue Irizarry-Perez was employed by Epic and primarily worked out of its Kansas location.

92.     Juan Carlos Rodriguez was employed by Epic and primarily worked out of its Kansas location.

93.     Julio Josue Vergara-Martinez was employed by Epic and primarily worked out of its Kansas location.

94.     Junior Jose Grimont-Yanez was employed by Epic and primarily worked out of its Kansas location.

95.     Justo A. Villarreal was employed by Epic and primarily worked out of its Kansas location.

96.     Kelvin Soto-Soto is currently employed by Epic and primarily works out of its Kansas location.

97.     Kelvin David Resto-Montanez was employed by Epic and primarily worked out of its Kansas location.

98.     Kevin Rey-Anchondo was employed by Epic and primarily worked out of its Kansas location.

99.     Kevin Antonio Guevara-Cordero was employed by Epic.

100.    Lizzeth Jacqueline Blanco was employed by Epic and primarily worked out of its Missouri location.

101.    Lorenzo Melgarejo-Gamez was employed by Epic and primarily worked out of its Kansas location.

102.    Luis Troche-Pinto was employed by Epic and primarily worked out of its Kansas location.

103.    Luis Alberto Orellano-Rodriguez was employed by Epic and primarily worked out of its Kansas location.

104.    Luis Daniel Delgado-Rivera was employed by Epic and primarily worked out of its Kansas location.

105.    Luis Enrique Rodriguez was employed by Epic and primarily worked out of its Kansas location.

106.    Luis O. Vergara-Martinez was employed by Epic and primarily worked out of its Kansas location.

107.    Manuel Maldonado-Rodriguez was employed by Epic and primarily worked out of its Kansas location.

108.    Marcelino Estrada was employed by Epic and primarily worked out of its Missouri location.

109.    Marlis C. Morales-Molina was employed by Epic and primarily worked out of its Kansas location.

110.    Martin Francisco Varela II was employed by Epic and primarily worked out of its Kansas location.

111.    Matthew Andrew Black was employed by Epic and primarily worked out of its Kansas location.

112.    Merween R.Marrero-Rodriguez was employed by Epic and primarily worked out of its Kansas location.

113.    Michael Sanchez-Molina was employed by Epic and primarily worked out of its Kansas location.

114.    Mitson Tom is currently employed by Epic and primarily works out of its Missouri location.

115.    Nicolas Quezada-Avila is currently employed by Epic and primarily works out of its Kansas location.

116.    Octavio Rodriguez was employed by Epic and primarily worked out of its Kansas location.

117.    Raymundo Silva-Quinonez is currently employed by Epic and primarily works out of its Missouri location.

118.    Reichy Eram is currently employed by Epic and primarily works out of its Missouri location.

119.    Reuel Tirado-Ortiz was employed by Epic and primarily worked out of its Kansas location.

120.    Rogelio Morales-Robles was employed by Epic and primarily worked out of its Kansas location.

121.    Ruben Gamino Cruz was employed by Epic and primarily worked out of its Missouri location.

122.    Salvador Joseph Villarreal is employed by Epic and currently works out of its Kansas location.

123.    Samuel Antonio Molina-Lopez was employed by Epic and primarily worked out of its Kansas location.

124.    Sergio Roman Rodriguez is currently employed by Epic and primarily works out of its Missouri location.

125.   Sonia Lopez-Luis was employed by Epic and primarily worked out of its Kansas location.

126.   Stephane Blake Harmon was employed by Epic and primarily worked out of its Missouri location.

127.   Steven J. Holden was employed by Epic and primarily worked out of its Missouri location.

128.   Thomas Edward Ponds is currently employed by Epic and primarily works out of its Missouri location.

129.   Tyrone Alvin Scott El is currently employed by Epic and primarily works out of its Missouri location.

130.   Zachary Pauley was employed by Epic and primarily worked out of its Kansas location.

131.   Michael Archilla was employed by Epic and primarily worked out of its Kansas location.

132.   Andres Santander-Espinoza is currently employed by Epic and primarily works out of its Kansas location.

133.   Marcos Xavier Pagan-Santiago was employed by Epic and primarily worked out of its Kansas location.

134.   Guillermo A. Suarez was employed by Epic and primarily worked out of its Kansas location.

135.   Juan Jose Palma-Martinez was employed by Epic and primarily worked out of its Kansas location.

136.    The Putative Plaintiffs/Class Members are those employees, and former employees, of Defendant who were suffered or permitted to work by Defendant while not being paid overtime compensation for all hours worked in excess of 40.

137.    Defendant is a limited liability corporation organized in Kansas but not in good standing and which is set to be administratively dissolved shortly, registered in Missouri, and operating and conducting business in Missouri.

138.    At all relevant times, Defendant was the employer of the Plaintiffs, and all other similarly situated employees, and is thus liable to Plaintiffs, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and/or common law.

## JURISDICTION AND VENUE

139.    This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

140.    The United States District Court for the District of Kansas has personal jurisdiction because Defendant is registered in Kansas, has a registered agent in Kansas, regularly operates in Kansas, and Plaintiffs and the putative collective class members are or were employees, working in Johnson County, Kansas, which is located within this District.

141.    This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

142.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in the District of Kansas, and the causes of action set forth herein have arisen, in part, and occurred, in part, in Johnson County,

Kansas, located in this District.  Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

## GENERAL CLASS AND COLLECTIVE ACTION ALLEGATIONS

143.   This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs.

144.   The Putative Plaintiffs/Class Members are those current and former hourly employees of Defendant who were suffered or permitted to work by Defendant while not being paid overtime compensation for all hours worked in excess of 40 hours in a workweek.

145.   At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its hourly employees overtime compensation for all hours worked in excess of forty hours per week.

146.   The Plaintiffs and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked.

147.   Common questions of law and fact predominate in this action because the claims of Plaintiffs, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate its hourly workers proper overtime pay for all hours worked in excess of 40 hours in a workweek, which violates the FLSA.

148.   Plaintiffs will adequately represent the interests of the Putative Plaintiffs/Class Members because they are similarly situated to the Putative Plaintiffs/Class Members and their claims are typical of, and concurrent to, the claims of the other Putative Plaintiffs/Class Members.

149.    There are no known conflicts of interest between the Plaintiffs and the other Putative Plaintiffs/Class Members.

150.    The class and/or collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

151.    Proceeding as a class and/or collective action would permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

152.    A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

153.    Collective action treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented landscaping corporation such as Defendant.

154.    Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

155.    Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

156.    Each Putative Plaintiffs/Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to properly compensate employees for their regular or statutorily required rate of pay for all hours worked.

157.    Class and/or Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

158.    Plaintiffs, on behalf of themselves and all others similarly situated, sets forth additional collective action allegations in the various counts set forth herein.

159.    Plaintiffs were employed by the Defendant. During this time, Plaintiffs performed work for Defendant as hourly workers.

160.    Prior to and during Plaintiffs' employment with Defendant, Defendant employed numerous other individuals who had the same compensation structure as Plaintiffs (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

161.    Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as an hourly worker within three years from the commencement of this action, plus periods of agreed tolling, who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

162.    This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs of the representative action.

163.    Plaintiffs and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to properly pay overtime compensation in violation of the FLSA.

164.   At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

165.   At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

166.   At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

167.   The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

168.   Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

169.   Plaintiffs, and the putative members of the FLSA representative action, are entitled to be paid overtime compensation at a rate of 1.5 times their regular rate for all overtime hours worked.

170.   At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its hourly workers overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. Rather than paying its employees overtime compensation, Defendant paid its employees the same straight time hourly rate for non-overtime hours as it did for overtime hours.

171.   Defendant's failure to compensate Plaintiffs, and all others similarly situated, overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for

work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

172.    Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its employees under the same unlawful policies and procedures that are set forth in detail herein.

173.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

174.    Plaintiffs, on behalf of themselves and all others similarly situated, seeks damages in the amount of all respective overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

175.    All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies, plans and/or procedures that require these employees to perform work without proper compensation.   In turn, these practices deny similarly situated employees their compensation.

176.    Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practices of, as well as failing to pay Plaintiffs and other similarly situated employees for all minimum wages and overtime premiums for hours in excess of forty in a workweek. The class for the FLSA claims is defined as:

> All current and former hourly workers of Defendant who were not fully compensated at the applicable wage rates for all work performed.

177.    Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

178.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of by Plaintiffs and other similarly situated employees and failing to pay Plaintiffs and other similarly situated employees for all hours worked at a proper, legal rate, including minimum wages and overtime compensation.

179.    The number and identity of other Plaintiffs yet to opt-in and consent to be party-Plaintiffs may be determined from the records of Defendant, and potential party-Plaintiffs may easily and quickly be notified of the pendency of this action.

180.    The Plaintiffs bring Count II (Mo. Rev. Stat. § 290.500, *et seq.*) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant.   Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendant's practice failing to pay Plaintiffs and other similarly situated employees overtime premiums for hours worked in excess of forty in a workweek.   The Missouri Wage Rule 23 class is defined as:

> All current and former hourly employees at Defendant's sites in Missouri at any time during the two years preceding the filing of this lawsuit, and as to those times covered by the parties' tolling agreement, and who performed work without proper compensation.

181.    The class satisfies the numerosity standards, as it is believed to number over fifty. As a result, joinder of all class members in a single action is impracticable.   Class members may

be informed of the pendency of this class action through direct mail.

182.    There are questions of fact and law common to the class predominating over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

>    a.    Whether class members were paid and/or were eligible to receive overtime compensation when performing work in excess of 40 hours per week;

>    b.    Whether Defendant knew or had reason to know such policies and compensation practices were unlawful, and

>    c.    Whether Defendant retained a benefit for such unlawful policies and compensation practices.

183.    The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

184.    The claims of Plaintiffs are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representatives and were subject to the same or similar unlawful practices as the Class Representatives.

185.    A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

186.    The Class Representatives are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent.  The

interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

187.    Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – FLSA CLAIM

188.    Plaintiffs incorporates the foregoing paragraphs as if fully set forth herein.

189.    Plaintiffs were formerly employed by the Defendant and worked from its offices in both Kansas and Missouri.

190.    Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours per week.

191.    Plaintiffs and others similarly situated were not properly compensated for this work at the applicable overtime premiums that are due and owing.

192.    Plaintiffs and the putative class members are not exempt from the right to receive minimum wages and overtime compensation under the FLSA.

193.    Plaintiffs and the putative class members were treated as non-exempt employees by the Defendant under the FLSA.

194.    Plaintiffs, and those similarly situated, regularly worked and/or continue to work in excess of forty (40) hours per week. Plaintiffs, and said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

195.    The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

196.    All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work in excess of 40 hours in a workweek, only being paid their base, regular rate of pay.  In turn, this denies similarly situated employees their overtime compensation.

197.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action, plus periods of tolling who have not been compensated for all hours worked at the applicable wage rates, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

198.    This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiffs because their claims are similar to the claims of the putative representative action Plaintiffs.

199.    The names and addresses of the putative representative action Plaintiffs are available from Defendant.   To the extent required by law, notice will be provided to said

individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

200.    Defendant failed to compensate Plaintiffs and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §207(a)(1).

201.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

202.    The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose the putative representative action Plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

203.    The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose putative representative action Plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed putative representative action Plaintiffs, prays for relief as follows:

a.    Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency

of this action and permitting them to assert timely FLSA claims in this action by filing individual

Consents To Join pursuant to U.S.C. §216(b);

b.       Designation of Plaintiffs Jose Gonzalez Gomez as Representative Plaintiffs of the

putative representative action Plaintiffs;

c.       Designation of Plaintiffs' counsel, The Hodgson Law Firm, LLC, and Bertram &

Graf, LLC, as Class Counsel of the putative members of the FLSA Representative Action;

d.       An award of damages for overtime compensation due to the Plaintiffs and the

putative representative action Plaintiffs, to be paid by Defendant;

e.       An award of liquidated damages for overtime compensation due to the Plaintiffs

and the putative representative action to be paid by Defendant; or

f.       Pre Judgment and Post-Judgment Interest as provided by law;

g.       Plaintiffs' Costs and expenses of this action incurred herein including expert fees;

h.       Reasonable attorneys' fees; and

i.       Any and all such other and further relief as this Court deems necessary, just and

proper.

### COUNT II - FAILURE TO PAY EARNED WAGES AND OVERTIME
### (Mo. Rev. Stat. § 290.500, et seq.)

204.    Plaintiffs re-allege and incorporate by reference each and every averment of this

Complaint as though fully set forth therein.

205.    At all times material herein, Plaintiffs and other similarly situated employees have

been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, et

seq.

206.    Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by

Missouri employers.

207.    Defendant is subject to the minimum wage and overtime requirements Mo. Rev. Stat. § 290.500, *et. seq*. because it is an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiffs and other similarly situated employees of Defendant are employees under Mo. Rev. Stat. § 290.500(3).

208.    Defendant violated Mo. Rev. Stat. § 290.505 by failing to pay employees for overtime.

209.    Plaintiffs and all similarly situated employees are victims of an unlawful and entity-wide compensation policy.  Defendant continues to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. § 290.505.

210.    As a result of these violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendant from Plaintiffs and other similarly situated employees for which Defendant is liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre judgment and post judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post judgment interest as provided by law; (5) for reasonable attorney fees and costs; and (6) for such other relief the Court deems fair and equitable.

## COUNT III - BREACH OF CONTRACT

211.    Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

212.     Epic employs many of its lawn and landscape laborers through the H-2B visa program, imported from Mexico.

213.     On its H-2B applications, Epic has always represented that it would pay overtime compensation to its workers brought in under that program for hours worked over 40 in a workweek.

214.     However, in reality, Defendant failed to pay the overtime premium for any of the extra hours worked.

215.     Missouri and Kansas law considers the employer-employee relationship contractual in nature.  *See, e.g.*, RSMo 287.020 (defining "employee" to mean every person "under contract of hire, express or implied, oral or written…."); *Allegri v. Providence St.-Margaret Health Ctr.*, 9 Kan.App.2d 659, 684 P.2d 1031 (Kan. App. 1984).

216.     The Eight Circuit had held that a meeting of the minds need not be had for forming a contract.  The Court noted that under Arkansas law, "the law in effect at the time a contract is made forms a part of the contract as if it had been expressed in the contract."  *Woodend v. Southland Racing Corp.*, 337 Ark. 380, 384, 989 S.W.2d 505, 507 (1999)).  The same is true under Kansas law.  *In re Cherokee County, Kansas Health Care Facility Revenue Bonds*, 262 Kan. 941, 946 P.2d 83 (Kan. 1997) (finding that the "payment of bonds is governed by the law in effect at the date of their issuance.  Such law forms a part of the contract bond….").

217.     The Eighth Circuit has noted that "most courts facing this question in other jurisdictions have held that H-2, H-2A, and H-2B workers can enforce a federally mandated wage rate under state contract law."  *Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, at 619-20 (8th Cir. 2015).

218.     At the time of entering into contracts with foreign workers, the law and regulations applicable to the H-2B program at the time were part of the contract.

219.     The Defendant therefore contractually agreed to pay all H-2B workers overtime wages for all hours worked in excess of 40 hours.

220.     The Defendant, however, did not pay the H-2B workers overtime wages.

221.     The H-2B workers were therefore damaged by the Defendant's breach of contract. WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages for the H-2B workers for the breached contract; (2) for prejudgment and post judgment interest as provided by law; and (3) for such other relief the Court deems fair and equitable.

## COUNT IV – THIRD PARTY BENEFICIARY

222.      Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

223.     In addition to foreign workers, Epic also employed U.S. workers as hourly laborers.

224.     29 C.F.R. § 503.16(q) requires that U.S. workers must receive the same benefits, wages, and working conditions and H-2B workers.

225.     By entering into contracts with H-2B workers, U.S. workers were and are beneficiaries to said contracts because federal law mandates that they receive the same benefits and wages, including overtime compensation when they work more than 40 hours in a workweek.

226.     Epic failed to compensate U.S. workers overtime premiums when they worked more than 40 hours in a workweek.

227.    Epic understood at the time of hiring H-2B workers that it was required to pay its U.S. Workers the same wages and benefits as H-2B workers.

228.    By failing to provide overtime compensation, Epic breached its contracts with U.S. workers.

229.    The U.S. workers were, therefore, damaged by Epic's failure to compensate U.S. workers overtime premiums when they worked more than 40 hours in a workweek.

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages for the non-H-2B workers for the breached contract; (2) for prejudgment and post judgment interest as provided by law; and (3) for such other relief the Court deems fair and equitable.

## COUNT V - QUANTUM MERUIT/UNJUST ENRICHMENT

230.    Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

231.    One of the principle requirements of the H-2B program is that when hiring foreign labor, "The employer must not offer terms, wages, and working conditions to U.S. workers that are less favorable than what the employer offers or provides to H-2B workers."

232.    The employer must not impose restrictions or obligations on U.S. workers that are not imposed on H-2B workers." *DOL Fact Sheet  #78 General Requirements for Employers Participating in the H-2B Program at \*¶17,* [https://www.dol.gov/agencies/whd/fact-sheets/78-h2b-overview](https://www.dol.gov/agencies/whd/fact-sheets/78-h2b-overview) *(last visited, March 9, 2021).*

233.    In other words, Defendant cannot agree to pay H-2B workers overtime pay for hours in excess of 40 and not so pay non-H-2B workers.

234.    But yet that is exactly what Epic did.

235.   Epic appreciated or knew of the benefit.

236.   Epic accepted and/or retained the benefit under such circumstances.

237.   It would be inequitable for the defendant to retain the benefit without payment of its value.

238.   At Defendant's demand, Plaintiffs and other similarly situated employees provided services in the form of work for Defendant.   These services had reasonable value and were performed at an hourly rate.

239.   Plaintiffs and other similarly situated employees regularly worked in excess of 40 hours per workweek, without being compensated for this time, despite Defendant's representations to the contrary, and despite state and federal law requirements.

240.   Defendant failed to compensate Plaintiffs and other similarly situated employees the reasonable value of these services performed on Defendant's behalf, in violation of its representations and/or obligations under state and federal law.

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendant and pray for: (1) disgorgement of the monies improperly retained by Defendant that should have been paid to the non-H-2B workers in the form of overtime wages; (2) for prejudgment and post judgment interest as provided by law; and (3) for such other relief the Court deems fair and equitable.

## Conclusion

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a.     Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b.     Designation of Plaintiff Claudio Rey Salas-Lopez as Representative Plaintiff for the H2B subclass, acting for and on behalf of the putative class members;

c.     Designation of Plaintiff Jose Gonzalez Gomez as Representative Plaintiff for the Breach of Contract and Unjust enrichment subclasses, acting for and on behalf of the putative class members;

d.     Designation of Plaintiff Claudio Rey Salas-Lopez as Representative Plaintiff for the Missouri wage law subclass, acting for and on behalf of the putative class members;

e.     A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d.     An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

e.     Costs and expenses of this action incurred herein;

f.     Reasonable attorneys' fees and expert fees;

g.     Pre-Judgment and Post-Judgment interest, as provided by law; and

h.     Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted:


**THE HODGSON LAW FIRM, L.L.C.**

By:     */s/ Michael Hodgson*
         Michael Hodgson          MO # 63677
         *mike@thehodgsonlawfirm.com*
         6 NW Main St.,
         Lee's Summit, MO 64063
         Tel: (913) 890-3529

and

**BERTRAM & GRAF, L.L.C.**


By: */s/ Timothy R. West*
         Timothy R. West, KS Bar #23892
         2345 Grand Boulevard, Suite 1925
         Kansas City, Missouri 64108
         Telephone:  (816) 523-2205
         Facsimile:  (816) 523-8258
         Email:  tim@bertramgraf.com

**ATTORNEYS FOR PLAINTIFFS**