**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JOSE GONZALEZ GOMEZ,** | ) | |
| | ) | |
| **On behalf of himself and** | ) | |
| **all other persons similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No.: 2:22-cv-02198-JAR-ADM** |
| | ) | |
| **EPIC LANDSCAPE PRODUCTIONS,** | ) | |
| **L.C.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION AND INCORPORATED SUGGESTIONS IN SUPPORT**
**OF THEIR MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO**
**29 U.S.C. §216(b)**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   DISCUSSION ..................................................................................................... 3

   A.   The "Similarly Situated" Standard ................................................................ 3

   B.   Plaintiffs have made a preliminary showing that they and the putative class members are similarly situated. ...................................................................... 8

   C.   Conditional Certification Does Not Require a Decision on the Merits of the Case. ................................................................................................................. 9

   D.   Epic's Class-Wide Exemption Defenses Require a Merits-Based Analysis and are Premature at the Notice Stage. ........................................................... 10

   E.   Defenses such as laches or estoppel do not apply in FLSA Actions. ........... 11

   F.   The Court should approve the proposed Notice of Claims and Right to Opt In. ......................................................................................................................13

   G.   Because Plaintiffs have alleged that Defendants' policies and practices concerning the FLSA were willful, the class should include individuals employed up to three years prior to the lawsuit plus periods of tolling. ................... 15

   H.   The Parties had a tolling agreement from February 1, 2022 to June 1, 2022. ......................................................................................................................16

   I.   Plaintiffs' proposed notice plan adequately informs class members about their rights in the case. ........................................................................................ 16

   J.   Plaintiffs' Dissemination Plan Will Best Inform Class Members of the Action. ......................................................................................................................16

III.  PLAINTIFF'S PROPOSED NOTICE PLAN ADEQUATELY INFORMS CLASS MEMBERS ABOUT THEIR RIGHTS IN THIS CASE ............................ 19

   A.   Plaintiff's Proposed Written Notice Follows the FJC Model. ..................... 19

   B.   Plaintiff's Dissemination Plan Will Best Inform Class Members of the Action. ......................................................................................................................20

   C.   The Defendants Should Provide A Detailed Class List Of The Putative Class Members To Assist With The Issuance Of Notice .................................. 20

IV.   CONCLUSION ................................................................................................. 23

# TABLE OF AUTHORITIES

## *Cases*

Blake v. Colonial Savings, 2004 WL 1925535 ..................................................................20

*Abel v. Kansas Dep't of Corr.*, 2 WH Cases2d 1550 (D. Kan. 1995) ...............................13

*Adamson v. Bowen*, 855 F.2d 668 (10th Cir. 1988) .......................................................... 9

*Albelo, et. al. v. Epic Landscape Productions,* Case No. 17-cv-454-DJK (W.D. Mo.)................................12

*Alexander*, 2012 WL 1142449................................................................................17

*Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM-KGS, 2012 WL 2872160 (D. Kan. July 12, 2012) ....................22

*American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) ........................................... 1

*Armstrong v. Genesh, Inc.*, No. 11-1161-CM, 2011 WL 6151416 (D. Kan. Dec. 12, 2011) .......................17

Bailey v. Ameriquest Mortgage Co. ...................................................................20

*Bailey v. Ameriquest Mortgage Co.*, 2002 WL 100388 (D. Minn. 2002).................................22

*Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996) ...................................... 3

*Bellv. Mynt Entertainment, LLC*, 223 F.R.D. 680 (S.D. Fla. 2004)....................................22

*Blake v. Colonial Savings*, 2004 WL 1925535 (S.D. Tex. 2004) ............................................20, 21

*Boyd v. Bank of Am. Corp.*, 2013 WL 6536751 .......................................................18

*Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676 (D. Kan. 2004) ............................4, 5, 6, 11

Castillo v. P & R Enterprises, Inc., 517 F.Supp.2d 440 (D.D.C. 2007)......................................17

*Chapman v. Hy-Vee, Inc.*, No. 10-CV-6128-W-HFS, 2012 WL 1067736 (W.D. Mo. Mar. 29, 2012) .........21

*Christiansen, et. al. v. Glazer, et. al.*, Case No. 4:12-cv-1283-GAF, Doc. No. 51 (W.D. Mo., September 4, 2013)....................................................................................17

*De La Rosa Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. 2003) ...................................22

*Dietrich v. Liberty Square, LLC*, 230 F.R.D. 574 (N.D. Iowa 2005) ...................................22

*Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187 (S.D. Fla. 2019) .................................12

*Donovan v. I & J Inc.*, 567 F. Supp. 93, 105, 26 WH Cases 293 (D.N.M. 1983)........................13

*EEOC v. Dresser Indus.*, 668 F.2d 1199 29 FEP Cases 249 (11th Cir. 1982)........................12

Garza v. Chicago Transit Authority, 00 Civ. 0438, 2001 WL 503036 (N.D.Ill. May 8, 2001)....................17

*Gee v. Suntrust Mortgage, Inc.*, 2011 WL 722111 (N.D. Cal. Feb. 18, 2011) ...............................18

*Geer v. Challenge Finance Investors Corp.*, 2005 WL 2648054 (D. Kan. 2005) ...................................11, 22

*Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164 (D. Kan. 2006)..................................4, 9

*Grayson v. K-Mart*, 79 F.3d 1086 (11th Cir. 1996) ...............................................................5

*Green v. Drake Beam Morin, Inc.*, No. 11-cv-01063-REB-CBS, 2011 WL 6046940 (D. Colo. Dec. 6, 2011)
    (Blackburn, J.) .............................................................................................10

Greenwald, 2009 WL 259744 ....................................................................................20

*Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358 (M.D. Ala. 1999) ............................................... 3

*Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 WL 1906444
    (W.D. Mo. May 25, 2012)......................................................................................21

*Harris v. Vector Mktg. Corp.*, 2010 WL 1998768 (N.D. Cal. May 18, 2010)..........................................18

*Helton v. Factor 5, Inc.*, 2012 WL 2428219 (N.D. Cal. June 26, 2012) ............................................18

*Hermsen v. City of Kansas City,* Case No. 11-00753-CV-W-BP, ECF Doc No. 53 ..............................17, 21

Hoffman v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997) ..................................................5, 6, 15

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)....................................13, 14, 16, 19, 20

*Indep. Energy Holdings PLC Sec. Litig.,* 302 F.Supp.2d 180 (S.D.N.Y. 2003) ............................20

*Jackson v. New York Telephone Co.*, 163 F.R.D. 429 (S.D. N.Y. 1995).......................................... 5

Johnson v. American Airlines, Inc., 531 F.Supp. 957 (D.C. Tex. 1982) ........................................17

Krueger v. New York Telephone Co., 1993 WL 276058 (S.D.N.Y. 1993)...................................14

*Kuri v. Addictive Behavioral Change Health Group, LLC,* 2017 WL 5273736 (D. Kan. Nov. 13, 2017)
    (Robinson, J.) ...............................................................................................11

Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014 (E.D. Mo. 2010) ..............................15

*McCaffrey v. Mortg. Sources, Corp.*, No. 08- 2660-KHV, 2009 WL 2778085 (D. Kan. Aug. 27, 2009)
    (Vratil, J.) .................................................................................................. 9

*McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091 (W.D. Mo. Dec. 12, 2011) ..21

*McComb v. Homeworkers' Handicraft Coop.*, 176 F.2d 633, 640–41, 9 WH Cases 99 (4th Cir. 1949).......13

*Miller v. Startek USA, Inc*., No. 11-CV-00017-REB-CBS, 2011 WL 1883012 (D. Colo. May 17, 2011)
    (Blackburn, J.) .............................................................................................10

*Mooney v. Aramco Servs. Co*., 54 F.3d 1207 (5th Cir. 1995)...................................................4, 6

*Murray v. Noblesville Milling Co.*, 42 F. Supp. 808, 2 WH Cases 258 (S.D. Ind.)......................................12

*Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010 (D. Minn. 2007)..............................11

*Oliver v. Aegis Commc'ns Group, Inc.*, 2008 WL 7483891 (N.D. Tex. Oct. 30, 2008)................................18

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ...........................................20, 21

*Pierce v. Novastar Mortgage, Inc.,* No. C-05-5835 RJB, 2007 (W.D. Wash. Feb. 12, 2007).....................20

*Ramirez v. Ghilotti Bros, Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. Apr. 25, 2013 ............................18

*Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623 (D. Col. 2002)................................................13

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D. N.Y. 1998) ........................................6

*Recinos-Recinos v. Express Forestry, Inc*., 233 F.R.D. 472 (E.D. La. 2006)............................21

Rees v. Souza's Milk Transp., Co., 2006 WL 3251829 (E.D. Cal. Nov. 8, 2006) .......................................20

*Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431 (D.Kan. 2007)...............................3, 4, 9

*Rhodes v. Truman Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 133281 (W.D. Mo. Sept. 23, 2014) ................15

*Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D. Tex. 1979) ...........................................5

*Rivera v. Brickman*, CA 05- 1518-LP, 2006 WL 680926 (E.D. Pa. March 10, 2006) ................................21

Roebuck v. Hudson Valley Farms, Inc., 239 F.Supp.2d 234 (N.D.N.Y. 2002)...........................................15

Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474 (E.D. Cal. 2006) ..................................17

*Sanchez v. Sephora USA, Inc*., 2012 WL 2945753 (N.D. Cal. July 18, 2012) .........................................18

Schleipfer, No. 1:06CV109 CDP, 2007 WL 2485007 ..................................................20

*Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005)................................................22

*Schwed v. General Elec. Co.*, 159 F.R.D. 373 (N.D. N.Y. 1995).............................................5, 6

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264 (D. Minn. 1991) ....................................5, 6

Sherrill v. Sutherland Global Servs. Inc.*, 487 F.Supp.2d 344 (W.D.N.Y. 2007) ..........................17

*Shockey v. Huhtamaki, Inc*., 730 F. Supp. 2d 1298 (D. Kan. 2010) ...........................................21

*Solis v. Washington*, 2009 U.S. Dist. LEXIS 77859 (W.D. Wash. Aug. 31, 2009).....................12

Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392 (D.N.J. 1988) ........................................6, 14

Swartz, 2013 WL 5348585 .................................................................11

*Taylor v. Bear Comm'ns, LLC*, No. 4:12-CF-01261-BCW, 2013 WL 3270971 (W.D. Mo. June 27, 2013) 21

*Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) ................................3, 11

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) ...........................12

*Uwaeke v. Swope Cmty. Enters., Inc.*, No. 12-1415-CV-W-ODS, 2013 WL 3467062 (W.D. Mo. July 10, 2013).................................................................................................................21

*Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005) ......................................20

*Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672 (D. Colo. 1997) ............................................ 4

## Rules

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................................................13

Rule 20(a) ....................................................................................................................................... 5

Rule 23 .......................................................................................................................................1, 13

Rule 23(b)(3) ................................................................................................................................... 5

Rule 42(b) ....................................................................................................................................... 5

## Statutes

29 U.S.C. § 201 .............................................................................................................................. 2

29 U.S.C. § 257 ............................................................................................................................... 1

29 U.S.C. § 626(b).......................................................................................................................... 3

29 U.S.C. §216(b)....................................................................................................................1, 3, 5, 9

29 U.S.C. 213(B)(1) ....................................................................................................................... 2

## I.    INTRODUCTION

This is **not** a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rather, this Motion is brought pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Under this statute and the case law interpreting it, individuals may bring "collective actions" on behalf of themselves and on behalf of those "similarly situated." However, in sharp contrast to Rule 23 class cases, collective actions under this statute are **opt-in** rather than opt-out. In Rule 23 class actions, the statute of limitations is tolled immediately upon filing for the absent class members who, until they are notified of their membership in the class, have no "duty to take note of the suit or exercise any responsibility with respect to it in order to profit from the eventual outcome of the case."  *See e.g. American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552 (1974). However, in collective actions brought under Section 16(b) of the FLSA, an employee's statute of limitations will continue to run and will only commence "when, and only when, his [or her] written consent to become a party plaintiff to the action is filed in the court in which the action was brought." 29 U.S.C. § 257. As a result of this distinction, expedited notice to putative class members is essential to ensure timely assertion of putative class members' rights.

Plaintiffs comprise a group of current and former lawn and landscape workers who were hourly employees under the Fair Labor Standards Act. The named Plaintiff, Jose Gonzalez Gomez worked as a lawn and landscape worker, for Epic Landscape Productions, from February 4, 2019 to the present. Throughout his entire employment with Defendants, Plaintiff, and the other putative plaintiffs were treated as hourly employees.  Plaintiffs commenced this action as a hybrid state class/nationwide collective action under the Fair

Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 et seq. and accompanying and common law. This Motion addresses only the FLSA component of the Plaintiffs' complaint.

It is undisputed that:

a.    Defendants pay their lawn and landscape workers on an hourly basis.

b.    Defendants require all hourly lawn and landscape workers to work well in excess of 40 hours per week. *Exh. A*, pay records indicating periods where class members work in excess of 100 hours during a two-week period.[1]

c.    For most of the statutory period, hourly lawn and landscape workers did not receive overtime premiums when working more than 40 hours per week. *Id.*

d.    Defendant has uniformly asserted that lawn and landscape workers are exempt pursuant to the Motor Carrier Exemption. *Exh. B*, Defendant's response and objection to Interrogatory No. 10.

There is no dispute as to how class members were paid.    Defendant has uniformly asserted that hourly lawn and landscape workers are exempt from overtime pursuant to the Motor Carrier Exemption, 29 U.S.C. 213(B)(1).    Further, damages issues can be calculated on a mechanical basis using Defendants' own documents, time studies, and representative testimony.

While Plaintiffs have the burden of demonstrating that they and the putative class members are similarly situated, this burden is not a heavy one early in the litigation process. The burden can be met by demonstrating sufficient facts to merely suggest that they and the class were subject to a single corporate policy or plan.    Indeed, the only issue currently

---

[1] Exh. A has been designated confidential and accordingly, Plaintiffs will be seeking leave to file under seal pursuant to the Protective Order (ECF Doc. 32).

before the Court is whether Plaintiffs have met the lenient standard which typically results in conditional certification of a representative class. See *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D.Kan. 2007).

Plaintiffs are seeking conditional certification under the FLSA of the proposed class and an order requiring issuance of the notice as proposed in this motion to the putative class members. Under the lenient notice standard, the evidence wholly supports the issuance of authorized notice to the putative class members so that they can decide whether to protect their rights.

## II.    DISCUSSION

### A.  The "Similarly Situated" Standard

Under 29 U.S.C. § 216(b), a representative plaintiff must show that he and the putative class members are similarly situated in order for the judge to certify a representative action and approve the sending of notice to potential class members. *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999).[2]  While some courts have held that a showing of similarly situated class members can be accomplished through the plaintiff's pleadings, the majority of courts have found that a plaintiff must do more than this, usually by supplying some factual support for his allegations. See *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

The FLSA does not define the phrase "similarly situated," but the Tenth Circuit has approved an *ad hoc* approach that is determined on a case-by-case basis whether the

---

[2]  The ADEA is enforced under the same standards promulgated under the FLSA and ADEA claims are thus analyzed the same as FLSA claims.  See 29 U.S.C. § 626(b); *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 298-99 (N.D. Cal. 1991).

3

members of the putative class are similarly situated.   *Thiessen*, 267 F.3d at 1105.   Under this approach, the court engages in a two-step process.

First the court "makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated' [which] requires ***nothing more than substantial allegations*** that the putative class members were together the ***victims of a single decision, policy or plan***." *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)) (emphasis added).   By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members.   *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). "This initial step creates a ***lenient standard*** which ***typically results in conditional certification*** of a representative class."   *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006)) (emphasis added); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

Under the second step initiated at the close of discovery, the court will then utilize a stricter standard of "similarly situated" which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.   *Thiessen*, 267 F.3d at 1102-03.   This second step is not typically addressed until the close of all discovery and via defendant's motion for de-certification.   *Id.* at 1103.

Most courts are in agreement that the standard for certifying a representative action is low.   *Williams v. Sprint/United Mgmt., Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004) ("The standard for certification at the notice stage, then, is a lenient one."); *Mooney v. Aramco*

*Servs., Co.*, 54 F.3d 1207, 1214 (5ᵗʰ Cir. 1995) ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."); *Grayson v. K-Mart*, 79 F.3d 1086, 1096 (11ᵗʰ Cir. 1996) ("similarly situated" standard is less stringent that joinder under Rule 20(a), less stringent than separate trials under Rule 42(b), and considerably less stringent under Rule 23(b)(3)); *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D. N.Y. 1995) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted.").   Importantly, a plaintiff does not have to show that he and the putative class are in identical situations – the standard allows for variation among the class members' positions.   *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D. N.Y. 1995) ("[I]t is unnecessary to show that putative class members share identical positions."); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979) (plaintiffs must show that positions are similar, not identical).   A plaintiff need only "submit evidence establishing at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exist."   *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991).

There are several reasons why the burden on a plaintiff under 29 U.S.C. § 216(b) is so light.   One is that a decision regarding notice to putative class members is typically made fairly early in the litigation, before full discovery has been completed.   *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004); *Mooney v. Aramco Servs., Co.*, 54 F.3d 1207, 1213-14 (5ᵗʰ Cir. 1995) ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."). This determination is preliminary.   *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.

5

N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D. N.Y. 1998) (finding that defendant's contention that fifteen restaurants were individual establishments with no central control presented a factual dispute requiring discovery and did not prevent authorizing notice); *Severtson*, 137 F.R.D. at 267. ("Certainly, court-authorized notice need not await a final determination that the 'similarly situated' requirement is satisfied.").

Furthermore, this determination does not reach the merits of a plaintiff's claims. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 262. In most cases, after discovery is completed and all the factual evidence is in, the defendant moves for decertification, at which point a more informed, more conclusive decision is made by the court. *Mooney*, 54 F.3d at 1214; *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D. N.J. 1988) ("In addition, to allow notice before the 'similarly situated' issue is decided would insure that all possible class members who are interested are present, and thereby assure that the full 'similarly situated' decision is informed, efficiently reached, and conclusive.")

Another reason the burden is light is that the FLSA has a broad remedial purpose. *Realite*, 7 F. Supp. 2d at 306. Requiring a minimal initial showing that a plaintiff is similarly situated to the putative class furthers this purpose, as well as furthering the purpose of judicial economy:

"But the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of "similarly situated" plaintiffs can exist here. Nor must this Court wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffman*, 982 F. Supp. at 262 (citations deleted).

These purposes are served even when a court later determines that the plaintiff and

6

putative class members are not similarly situated and thus decertifies the class. *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D. N.Y. 1995) ("Moreover, even where later discovery proves the putative class members to be dissimilarly situated, notice to those preliminarily identified as potential plaintiffs prior to full discovery is appropriate as it may further the remedial purpose of the ADEA.").

Finally, a plaintiff can show that he and putative class members are similarly situated by demonstrating that they were all subject to a common policy or scheme. *Brown*, 222 F.R.D. at 679 (D. Kan. 2004) (Conditional certification requires only substantial allegations that putative class members were subject to a single policy or plan); *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). While it is not required that a plaintiff show the existence of such a plan, "such a showing is probative in determining whether potential class members are similarly situated." *Baum v. Shoney's, Inc.*, No. 98-423-CV-ORL-19B, 1998 U.S. Dist. LEXIS 21484 *1 (M.D. Fla. Dec. 3, 1998). Once again, however, this burden is lenient and requires only a showing of "similarity of duties and pay provisions, not an identity thereof." *Harrison v. Enterprise Rent-A-Car Co.*, No. 98-233-CIV-T-24(A), 1998 U.S. Dist. LEXIS 13131 *3 (M.D. Fla. July 1, 1998).

The goal of judicial economy weighs heavily in favor of certification and the issuance of notice to potential class members. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The reason why courts used a lenient standard under the first stage is that collective actions benefit the judicial system by enabling the "efficient resolution in proceeding of common issues of law and fact. . . ." *Id.* A collective action also provides

the plaintiffs an opportunity to "lower individual costs to vindicate rights by pooling of resources." *Id*.    Under the FLSA, there is a two year statute of limitations and a three year statute of limitations for willful violations.    29 U.S.C. §255(a).    As each day passes in this litigation, one day is taken away from potential putative plaintiffs' claims. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. at 168-69 (a person is not a member of the class until that person files a consent to join).    These rights need to be protected.

In responding to initial certification motions under § 216(b), defendants often attempt to argue the underlying merits of the overtime claim (e.g. the second step, *Thiessen*, *supra*).    However, this Court should not address the underlying merits of the Plaintiffs' claim, at this juncture.    See *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006); *Hammond v. Lowe's Home Ctrs., Inc.*, 2005 U.S. Dist. LEXIS 18975 *3 (D. Kan. 2005) (collapsing first and second stage not tactic approved by any court; would skew burden of proof); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004) (until completion of discovery, only the first stage analysis is proper). All that is relevant for this motion is whether the Plaintiffs have sufficiently *alleged* that all hourly laborers were subjected to the same procedures and policies of Defendants regarding the payment of compensation to their employees.

### B.  Plaintiffs have made a preliminary showing that they and the putative class members are similarly situated.

At this stage of the litigation, Plaintiffs have met the burden of making an initial showing of the facts, in order for this Court to conclude that Plaintiffs are similarly situated to the class of putative plaintiffs defined within their complaint.    First, all putative class members are lawn and landscape workers[3] who worked for Epic.    Second, each putative

---

[3]  This collective group excludes individuals who solely worked in the nursery department during the statutory period.

class member worked in excess of 40 hours in a workweek. Third, each putative class member did not receive overtime premiums when they worked more than 40 hours in a workweek.

In sum, Plaintiffs have properly alleged that Defendants have failed to pay proper overtime premiums as required by the Act. Further, all individuals employed as lawn and landscape by Defendants were subject to the same policies, practices, and procedures. Therefore, the putative class of individuals are similarly situated under the lenient standards of § 216(b). For these reasons, the class should be conditionally certified.

### C. Conditional Certification Does Not Require a Decision on the Merits of the Case.

Gomez anticipates Epic will attempt to defeat conditional certification by arguing the merits of this FLSA violation (i.e., that Prince and the Putative Class Members are exempt from overtime pay) instead of focusing on whether Gomez and the Putative Class Members are "similarly situated." These arguments improperly place the cart before the horse.

Indeed, because discovery has only just begun at the notice stage, courts do not review the underlying merits of the action in deciding whether to conditionally certify a class. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (holding that the district court, in making a class certification decision, must avoid focusing on the merits of the underlying case); *Renfro*, 243 F.R.D. at 435 (rejecting defendant's arguments that plaintiffs and the class members are exempt and emphasizing "[o]n the motion for conditional certification, however, the Court will not reach the merits of plaintiffs' claims"); *Gieseke*, 408 F. Supp. 2d at 1166 ("in making the [conditional certification] determination, the court does not reach the merits of the plaintiff's claims"); *McCaffrey v. Mortg. Sources, Corp.*,

No. 08- 2660-KHV, 2009 WL 2778085, at *3 (D. Kan. Aug. 27, 2009) (Vratil, J.) ("the Court will not address the underlying merits of plaintiffs' claims during this first stage"); *Green v. Drake Beam Morin, Inc.*, No. 11-cv-01063-REB-CBS, 2011 WL 6046940, at *2 (D. Colo. Dec. 6, 2011) (Blackburn, J.) ("Plaintiffs' burden now is merely to present 'substantial allegations' that all members of the putative class were subject to a single decision, policy, or plan. …Given that lenient standard, and the fact that little discovery has yet occurred in this case, … it would be legally erroneous and simply unfair to accept the invitation implicit in defendant's response … to investigate further the potential efficacy of the allegations at this stage."). And, as courts in this District make clear, the notice stage "is not the appropriate juncture for the court weigh evidence or make factual determinations." *Miller v. Startek USA, Inc*., No. 11-CV-00017-REB-CBS, 2011 WL 1883012, at *2 (D. Colo. May 17, 2011) (Blackburn, J.).

**D. Epic's Class-Wide Exemption Defenses Require a Merits-Based Analysis and are Premature at the Notice Stage**.

Gomez further anticipates Epic will argue against conditional certification claiming Gomez and the Putative Class Members are exempt from overtime pay. By arguing such exemptions, Epic will likely make the standard defense argument against conditional certification – that no two workers are alike and that the Court must analyze each worker's duties independently instead of as a group. First, Courts in this Circuit and throughout the Country routinely grant conditional certification without making factual determinations as to the merits of exemption defenses because exemption defenses "are merits-based defenses to FLSA claims that courts … typically hold to be irrelevant at this initial, notice stage of the case." And even if an exemption defense may apply to the case (they do not here), that is not enough to prevent conditional certification of a class. See, e.g., *Kuri v.*

10

*Addictive Behavioral Change Health Group, LLC,* 2017 WL 5273736, at *2 (D. Kan. Nov. 13, 2017) (Robinson, J.). See *Thiessen*, 267 F.3d at 1103 (stating that disparate factual and employment settings of individual plaintiffs and various defenses available to defendant that are individual to each plaintiff are factors to be considered at the second stage analysis); Swartz, 2013 WL 5348585, at *6 (refusing to consider employer's arguments that conditional certification was improper based on alleged exemption defenses); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *4 (D. Kan. Oct. 17, 2015) (same); *Brown v. Money Tree Mortgage*, Inc., 222 F.R.D. 676, 682 (D. Kan. 2004) (refusing to consider "legal and factual issues unique to each employee such as whether the employee was an exempt employee" for conditional certification at the notice stage). *Kuri v. Addictive Behavioral Change Health Group, LLC*, 2017 WL 5273736, at *2 (D. Kan. Nov. 13, 2017) (Robinson, J.). Second, this argument also belies the common exemption claimed by Epic to each of these workers.

Further, the anticipated argument – that no two workers are alike, and that the Court must undertake an individualized, person-by-person analysis to resolve the case – is undermined by the fact that Epic classified a distinct group of workers as exempt from overtime and paid them a straight time rate in one fell swoop, without examining each individual's job duties, pay, or other employment provisions. See, e.g., *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) ("The Court finds it disingenuous for [defendant], on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption.").

**E.  Defenses such as laches or estoppel do not apply in FLSA Actions.**

Gomez further anticipates that Defendant may attempt to dissuade this Court from certifying the current action based on doctrines of laches and/or estoppel based on the fact that some of the individuals consenting to join this litigation had an opportunity to join the prior litigation and are thus not similarly situated to individuals who did not receive prior notification of the previous litigation in *Albelo, et. al. v. Epic Landscape Productions,* Case No. 17-cv-454-DJK (W.D. Mo.). However, Courts have uniformly rejected this as a valid defense to actions arising under the Fair Labor Standards Act.

The doctrine of laches is an equitable defense to prevent unfairness to a defendant because of a plaintiff's delay in filing suit. *See, e.g.*, *EEOC v. Dresser Indus.*, 668 F.2d 1199, 1201, 29 FEP Cases 249 (11th Cir. 1982).

Courts have refused to apply the doctrines of laches and estoppel to FLSA claims. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008) (rejecting laches as equitable defense because FLSA claims rooted in statutory law and filed within statutory period). *Murray v. Noblesville Milling Co.*, 42 F. Supp. 808, 810, 2 WH Cases 258 (S.D. Ind.) (rejecting laches defense asserted by employer against employees seeking overtime compensation), *aff'd in part, rev'd in part on other grounds*, 131 F.2d 470 (7th Cir. 1942). *Solis v. Washington*, 2009 U.S. Dist. LEXIS 77859, at *20 (W.D. Wash. Aug. 31, 2009) (rejecting laches as equitable defense against DOL on claim for overtime compensation based on allegations that DOL had previously known of violations but failed to bring action because "doctrine of laches is inapplicable when Congress has provided a statute of limitations to govern the action"). *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187 (S.D. Fla. 2019) (holding affirmative defense of laches is not available in FLSA cases). *Abel v. Kansas Dep't of Corr.*, 2 WH Cases2d 1550, 1554 (D.

12

Kan. 1995) (holding employer not entitled to estoppel defense when it knew or should have known that employees were missing break periods and not being compensated for them).[4]

Courts have even rejected these doctrines in DOL suits for injunctive relief under the FLSA. *McComb v. Homeworkers' Handicraft Coop.*, 176 F.2d 633, 640–41, 9 WH Cases 99 (4th Cir. 1949) (rejecting defenses of laches and estoppel in suit by DOL to enjoin violations of FLSA); *Donovan v. I & J Inc.*, 567 F. Supp. 93, 105, 26 WH Cases 293 (D.N.M. 1983) (rejecting laches defense in injunctive action brought by Secretary to enforce minimum wage and recordkeeping provisions of FLSA).

**F.  The Court should approve the proposed Notice of Claims and Right to Opt In.**

The Court has discretion to facilitate notice to potential class members by authorizing judicial notice of a collective action.  *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 170 (1989). Rule 23 governs "opt out" class notices by requiring the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).   Some courts have adopted this standard when evaluating the propriety of notice in FLSA opt-in actions, as well.   See, e.g., *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Col. 2002).

The proposed Notice, attached hereto as Exhibit A, provides adequate and fair notice to the class of employees regarding the claims at issue and their rights.   These notices are not prejudicial to the Defendants.   The Defendants posses all names, last known addresses, and telephone numbers for each individual server and bartender employed during the Relevant Period.    The best notice practicable under these

---

[4]  Assuming arguendo that the doctrine of laches was available, it would be inapplicable here anyways. The court approved notice in *Albelo* specifically told putative collective members that if they did nothing, their rights to bring their own suit would be preserved. *Exh. C*, Court Approved Notice in *Albelo* at *1.

circumstances would be mailing *Exh. D* to all former and current servers and bartenders of Defendants, as well as posting the notice at all of Defendants' restaurants.

In addition, class-wide notice at this early stage of litigation promotes efficient discovery and enables a more efficient resolution of the underlying issues in the case. *See Krueger v. New York Telephone Co.*, 1993 WL 276058 (S.D.N.Y. 1993) (even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case); *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 406 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989) (allowing notice before the "similarly situated" issue is decided insures that all possible class members who are interested are present, and thereby assures that the full "similarly situated" decision is informed, efficiently reached, and conclusive).

In affirming the lower courts in *Sperling*, the United States Supreme Court explicitly encouraged the early use of court authorized notice. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The Supreme Court stated that "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and serves the equally important judicial interest of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Id*. The court concluded that both of those benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*.

A lenient standard allows for notice to be sent as soon as possible; timely notice is necessary to prevent the expiration of valid claims. Especially considering the rolling

14

statutes of limitations at play in a FLSA case, expedited notice is essential because an injured employee's claims "die daily" until they opt-in to the lawsuit. *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (internal quotation marks omitted). In other words, an injured employee loses forever his or her right to recover on illegal paychecks more than two or three years old. Consequently, defendants have every incentive to delay the issuance of notice, particularly where they have discontinued the illegal policy or practice.

In sum, because Plaintiffs have sufficiently alleged that Defendant maintained a common policy or plan that affected all putative class members in a similar fashion, conditional certification and notice should be granted.

> **G. Because Plaintiffs have alleged that Defendants' policies and practices concerning the FLSA were willful, the class should include individuals employed up to three years prior to the lawsuit plus periods of tolling.**

Plaintiffs have alleged that Defendants' conduct was willful within the meaning of the FLSA. *See, ECF Doc. No. 1.* "Conditional certification should thus extend to those affected by Defendant's policy over the last three years." *Rhodes v. Truman Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 133281, *9-10 (W.D. Mo. Sept. 23, 2014), citing *Roebuck v. Hudson Valley Farms, Inc*., 239 F.Supp.2d 234 (N.D.N.Y. 2002) (when willfulness is disputed, conditional certification of a class including members affected within a three year period preceding class certification is appropriate); *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1019 (E.D. Mo. 2010) ("[J]udicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Accordingly, the statute of limitations is a three-year period."). Accordingly, notice is appropriate to all potentially affected employees, dating back three years prior to the commencement of this action and continuing to the present plus periods of tolling.

15

**H.  The Parties had a tolling agreement from February 1, 2022 to June 1, 2022.**

Prior to the initiation of this litigation, the Parties entered into a tolling agreement in hopes that the current issues could be resolved short of litigation. *Exh. E,* Tolling Agreement. Accordingly, should the Court grant the instant motion, the notice period should be from three years from the date of the Court's Order granting conditional certification plus an additional 120 days (the difference between February 1, 2022 and June 1, 2022).

**I.  Plaintiffs' proposed notice plan adequately informs class members about their rights in the case.**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-LaRoche*, 493 U.S. at 170. Court-authorized notice prevents unauthorized and misleading communications. *Id.* at 171-72. Plaintiffs' proposed notice will provide accurate and timely notice to affected employees. (*See Exh. D,* Plaintiffs' Proposed Notice.)

**J.  Plaintiffs' Dissemination Plan Will Best Inform Class Members of the Action.**

Plaintiffs' notice plan includes the following forms of dissemination: notice and consent forms will be mailed first-class to all employees who were subject to the policy described above; and notice will be posted where the employees are stationed and in other conspicuous locations of Defendants. In authorizing all of the above forms of notice, courts have recognized that providing multiple forms of notice in different media beyond mailing is important to achieve the goal of reaching all affected employees.

Courts often order other forms of notice to employees in addition to mailing. For example, notice of class actions is commonly posted in workplaces to inform employees about the litigation. *See Armstrong v. Genesh, Inc.*, No. 11-1161-CM, 2011 WL 6151416 *3 (D. Kan. Dec. 12, 2011) (plaintiff's requests related to motion, including posting of notice, were "reasonable and in accord with the relief that this court has granted in other cases granting conditional certification"); *Sherrill v. Sutherland Global Servs. Inc.,* 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (allowing notice to be posted at defendant's places of business for 90 days in addition to mailing).[5] Thus, in addition to mailing, Plaintiffs request notice be provided to employees by posting at Defendants' locations (at time clocks and other conspicuous locations such as lunch room bulletin boards or bulletin boards where job notices are posted). *See Hermsen, et. al. v. City of Kansas City*, Case No. 4:11-cv-753-BP, Doc No. 53, (W.D. Mo., Sept 24, 2012) (ordering posting of notices in conspicuous locations); *Christiansen, et. al. v. Glazer, et. al.*, Case No. 4:12-cv-1283-GAF, Doc. No. 51 (W.D. Mo., September 4, 2013) (same). Plaintiffs also request the Court allow them to remind putative class members via a follow-up notice.

Finally, Plaintiffs also request that the Court authorize Plaintiffs to send a reminder notice to putative class members 30 days before the 60-day deadline for opting in expires. Sending reminder letters serves both to remind those persons who wish to join to do so within the notice period and ensures that those whose notices were misplaced, not received,

---

[5] See *also, Castillo v. P & R Enterprises, Inc.,* 517 F.Supp.2d 440, 449 (D.D.C. 2007) (ordering notice posted in "(1) Defendant's offices, or (2) office spaces designated for Defendant's use in third-party buildings"); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 492-493 (E.D. Cal. 2006) (finding that posting of notice in the workplace and mailing is appropriate and not punitive)*; Garza v. Chicago Transit Authority*, 00 Civ. 0438, 2001 WL 503036, *4 (N.D.Ill. May 8, 2001) (ordering defendant to post notice in all its terminals). Publication of notice in an employee newsletter or similar publication has also been recognized to further advance the goal of reaching all affected employees. *See Johnson v. American Airlines, Inc.,* 531 F.Supp. 957, 961 (D.C. Tex. 1982) (in addition to mailing, "posting on company bulletin boards at flight bases and publishing the notice without comment in American's The Flight Deck, are both reasonable and in accordance with prior authority").

or opened still have a fair opportunity to join. Reminders have been regularly approved by courts. *See, e.g., Alexander*, 2012 WL 1142449, at *9 (authorizing two subsequent additional mailings after the initial notice mailing); *Boyd v. Bank of Am. Corp.*, 2013 WL 6536751, *4 (approving a reminder notice); *Ramirez v. Ghilotti Bros, Inc.*, 941 F. Supp. 2d 1197, 1121 (N.D. Cal. Apr. 25, 2013 (authorizing a second notice, substantially the same as the first, as a reminder 45 days after the first notice); *Sanchez v. Sephora USA, Inc*., 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (finding a second notice or a reminder appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in); *Helton v. Factor 5, Inc.*, 2012 WL 2428219, at *7 (N.D. Cal. June 26, 2012) (ordering a reminder postcard be sent to potential plaintiffs 30 days before deadline for opting in); *Gee v. Suntrust Mortgage, Inc.,* 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011) (permitting a reminder notice 45 days after issuance of the first notice). Reminder letters, moreover, lower the number of late opt-ins, thus reducing the burden on the Court in deciding whether late opt-ins should be allowed to join. *Harris v. Vector Mktg. Corp.*, 2010 WL 1998768 (N.D. Cal. May 18, 2010) (order granting conditional certification and finding the mailing of a reminder notice to be appropriate); *Oliver v. Aegis Commc'ns Group, Inc.*, 2008 WL 7483891, at *4 (N.D. Tex. Oct. 30, 2008) (order granting conditional certification and allowing plaintiffs' counsel to send subsequent notices during the notice period).

Defendants suffer no prejudice by ensuring putative class members receive timely notice, giving them a fair opportunity to join the case in a timely manner. There is no cost to Defendants and no delay to the disposition of this matter if putative class members are reminded of the deadline to join. Simply put, reminder letters should be permitted because

they are a sensible, efficient way of informing recipients of the notice of the approaching deadline.

### III.    PLAINTIFF'S PROPOSED NOTICE PLAN ADEQUATELY INFORMS CLASS MEMBERS ABOUT THEIR RIGHTS IN THIS CASE

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-LaRoche*, 493 U.S. at 170. Court-authorized notice prevents unauthorized and misleading communications. *Id*. at 171-72. Plaintiffs' proposed notice will provide accurate and timely notice to affected employees. (*See Exh. D, Plaintiffs' Proposed Notice*.

### A.    Plaintiff's Proposed Written Notice Follows the FJC Model.

The Parties' proposed notice is heavily modeled on examples provided on the Federal Judicial Center's ("FJC") website, http://www.fjc.gov/public/home.nsf (last visited October 4, 2017).    The FJC is the education and research agency for the federal courts that was established by Congress in 1967, on the recommendation of the Judicial Conference of the United States. *Id*. The FJC was requested to develop illustrative notices of proposed class action certifications and settlements by the Subcommittee on Class Actions of the U.S. Judicial Branch's Advisory Committee on the Federal Rules.    In order to develop its illustrative notices, the FJC engaged in a careful study of the use of plain language in legal documents. *Id*.    After obtaining recommendations from a lawyer with a Ph.D. in linguistics and using multiple rounds of focus groups, testing and redrafting to refine the notice to provide maximum comprehension for individuals reading the notice, the FJC finally posted, and re-posted, its illustrative notices for use by courts and attorneys. *Id*.; s*ee Exh. F, FJC Employment Discrimination Class Action-Full Notice*. As a result of

this comprehensive research and analysis, the FJC's illustrative notices are recognized as the leading models for notice in class actions. *See Pierce v. Novastar Mortgage, Inc.,* No. C-05-5835 RJB, 2007 WL 505670, *3 (W.D. Wash. Feb. 12, 2007).[6]

### B. Plaintiff's Dissemination Plan Will Best Inform Class Members of the Action.

The Parties' notice plan includes the following forms of dissemination: notice and consent forms will be electronically mailed, mailed first-class to all employees, who have not already consented to join, who were subject to the policy described above. In addition, Epic should be ordered to post a copy of the short form notice in conspicuous locations at all its locations.

### C. The Defendants Should Provide A Detailed Class List Of The Putative Class Members To Assist With The Issuance Of Notice

As part of the notification process, courts routinely require defendants to immediately (not longer than 30 days) provide the names, telephone numbers, and last known addresses of the potential opt-ins to facilitate notice by mailing.[7] *See e.g. Greenwald,* 2009 WL 259744 at *7 (names, addresses and telephone numbers).[8] Similarly, to facilitate notice

---

[6] *See also, Varacallo v. Mass. Mut. Life Ins. Co.,* 226 F.R.D. 207, 224 (D.N.J. 2005); *In re Indep. Energy Holdings PLC Sec. Litig.,* 302 F.Supp.2d 180, 185 (S.D.N.Y. 2003).

[7] *See also, Schleipfer,* No. 1:06CV109 CDP, 2007 WL 2485007 at *4 (same); *Davis,* 408 F. Supp. 2d at 818 (same within nine days); *Patton v. Thomson Corp.,* 364 F.Supp.2d 263, 268 (E.D.N.Y. 2005) (telephone numbers and social security numbers); *Blake v. Colonial Savings,* 2004 WL 1925535, *2 (S.D. Tex. 2004) (same); *Bailey v. Ameriquest Mortgage Co.,* 2002 WL 100388 (D. Minn. 2002); *see generally Hoffman-LaRoche, Inc.,* 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses..."); *Rees v. Souza's Milk Transp., Co.,* 2006 WL 3251829, *1 (E.D. Cal. Nov. 8, 2006) ("The disclosure of names, addresses, social security numbers, and employment dates of putative class members is a common practice in the class action context. It has been used, so that putative class members can be located, in a variety of contexts, including under the Fair Labor Standards Act.").

[8] *See also, Schleipfer,* No. 1:06CV109 CDP, 2007 WL 2485007 at *4 (same); *Davis,* 408 F. Supp. 2d at 818 (same within nine days); *Patton v. Thomson Corp.,* 364 F.Supp.2d 263, 268 (E.D.N.Y. 2005) (telephone numbers and social security numbers); *Blake v. Colonial Savings,* 2004 WL 1925535, *2 (S.D. Tex. 2004) (same); *Bailey v. Ameriquest Mortgage Co.,* 2002 WL 100388 (D. Minn. 2002); *see generally Hoffman-LaRoche, Inc.,* 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses..."); *Rees v. Souza's Milk Transp., Co.,* 2006 WL 3251829, *1 (E.D. Cal. Nov. 8, 2006) ("The disclosure of names, addresses, social security numbers, and employment dates of putative class members is a common practice in the class action context. It has been used, so that putative class members can be located, in a variety of contexts, including under the Fair Labor Standards Act.").

here, Plaintiffs request such information and, because the requested information is likely to be stored in a computer database, Plaintiffs request that it be produced in both electronic (in a readily readable format such as MS Word or Excel) and hard copy format. All courts in this district find providing addresses is appropriate and most require providing telephone numbers and emails as well. *See Uwaeke v. Swope Cmty. Enters., Inc.*, No. 12-1415-CV-W-ODS, 2013 WL 3467062, at *4 (W.D. Mo. July 10, 2013) (addresses, telephone numbers, and emails); *Taylor v. Bear Comm'ns, LLC*, No. 4:12-CF-01261-BCW, 2013 WL 3270971, at *4 (W.D. Mo. June 27, 2013) (addresses); *Harris v. Pathways Cmty. Behavioral Healthcare, Inc.*, No. 10-0789-CV-W-SOW, 2012 WL 1906444, at *6 (W.D. Mo. May 25, 2012) (addresses, telephone numbers, and emails); *Chapman v. Hy-Vee, Inc.*, No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *4 (W.D. Mo. Mar. 29, 2012) (addresses); *McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *10 (W.D. Mo. Dec. 12, 2011) (addresses and telephone numbers).

Telephone numbers, email addresses and dates of birth can assist with locating workers whose addresses are no longer valid and are routinely ordered produced in FLSA collective actions. *See Hermsen v. City of Kansas City,* Case No. 11-00753-CV-W-BP, ECF Doc No. 53 (addresses, telephone numbers, and posting in a conspicuous location); *Shockey v. Huhtamaki, Inc*., 730 F. Supp. 2d 1298, 1308 (D. Kan. 2010) (social security numbers); *Rivera v. Brickman*, CA 05- 1518-LP, 2006 WL 680926 (E.D. Pa. March 10, 2006) (ordering production of class member telephone numbers to assist with distribution of notice); *Recinos-Recinos v. Express Forestry, Inc*., 233 F.R.D. 472, 482 (E.D. La. 2006) (ordering production of telephone numbers of potential class members); *Blake v. Colonial Savings*, 2004 WL 1925535 at * 2 (S.D. Tex. 2004) (ordering production of telephone numbers and social security numbers); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268

(E.D.N.Y. 2005) (telephone numbers and social security numbers); *Dietrich v. Liberty Square, LLC*, 230 F.R.D. 574, 580-581 (N.D. Iowa 2005) (telephone numbers); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 395 (W.D.N.Y. 2005) (same); *Geer v. Challenge Finance Investors Corp.*, 2005 WL 2648054 at *5 (D. Kan. 2005) (same); *Bellv. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (same); *De La Rosa Ortiz v. Rain King, Inc.*, 2003 WL 23741409 at * 1 (S.D. Tex. 2003); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 100388 (D. Minn. 2002) (same).    In any FLSA collective action, because notice is being sent to addresses that may be as much as three years old, the last known addresses provided by the Defendants will be inadequate. This problem is further exacerbated because these claims are subject to an eroding statute of limitations — literally with each passing day potential opt-ins' claims are diminished. Moreover, this information is easily ascertainable.

Handcuffing the Plaintiffs' ability to send notice will do nothing more than hinder the purpose of the FLSA. Providing phone numbers is arguably the best way to assure that notice is actually received because people take their cell phones with them when they move and keep their phone numbers. As a result, counsel can make phone calls to potential opt-ins whose notices are returned undeliverable because of obsolete addresses.    *See Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM-KGS, 2012 WL 2872160 *7 (D. Kan. July 12, 2012) (acknowledging that telephone numbers are useful to locate employees and directing plaintiffs' counsel to use phone numbers to verify mailing addresses of putative plaintiffs). If counsel has to wait for that information, it will mean making those calls all at once (which is more burdensome) and making them later, thereby prejudicing those people who would have opted-in earlier but for their lack of notice. Worse, if counsel is denied that information altogether, these individuals may never receive notice.

Often the potential opt-in will receive the notice and have questions, which results in a phone call to counsel's office after hours, and the potential opt-in is forced to leave a message. Commonly that message does not include a phone number or the phone number is inaudible. Counsel then turns to an Excel spreadsheet to compare the name to the phone number to call the person back. In addition, once an individual has opted into the case, he or she is a client. But counsel may well not have all of their contact information.

If Defendants do not provide the phone numbers, counsel is then required to send an additional mailing to obtain the phone number. Counsel then has to edit the spreadsheet and insert all the phone numbers of people who opted into the case, as obviously having phone numbers for clients is critical for adequate representation. It is far more efficient for Defendants to simply provide that information from the start, and counsel is happy to agree to a protective order as to those who do not eventually opt into the case.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and issue an Order:

1.    Certifying a class, composed of all current and lawn and landscape workers, who worked for the Defendant at any time from three years and 120 days from the date of the Court's Order certifying this action to the Present;

2.    Requiring the expedited issuance of the notice form as set forth in Exhibit A to those class members, and setting a deadline of 90 days after the date of the Court's Order granting certification, for which putative class members can join this matter;

23

3.  Requiring Defendant to provide to Plaintiffs' counsel a list both electronically (in an Excel spreadsheet with each item of the employee's name and address designated as a separate field) and by hard copy, of all individuals who meet the above class description, including their current or last known address, phone number, and e-mail address, within 15 days of the issuance of the order;

4.  Requiring Defendant to post notices and opt-in forms at time clocks, and other conspicuous locations (such as bulletin boards or bulletin boards where job notices are posted) at Defendants' locations for a period of 90 days where employees can see such notices;

5.  Tolling the statute of limitations period for the putative class members from the date of filing of Plaintiffs' Motion for Conditional Class Certification until the close of the opt-in period;

6.  Designating Plaintiffs Jose Gonzales Gomez as class representative for the collective class;

7.  Approving Plaintiffs' counsel to act as class counsel in this matter; and

8.  Granting such other relief as this Court deems just and proper.


Respectfully submitted,


**THE HODGSON LAW FIRM, LLC**

/s/ Michael Hodgson
Michael Hodgson KS Bar No. 21331
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com

24

## CERTIFICATE OF SERVICE

I hereby certify that on January __, 2023, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of such filing to the following:

By: **/s/  Michael Hodgson_____**

**ATTORNEY FOR PLAINTIFFS**