IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al.,<br>on behalf of themselves and others<br>similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C.,<br><br>      Defendant. | Case No. 22-2198-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiffs bring this purported class and collective action under the Fair Labor Standards Act ("FLSA"), alleging defendant Epic Landscape Productions, L.C. ("Epic LC") willfully failed to pay them overtime compensation. This matter is now before the court on plaintiffs' Motion for Leave to File Amended Complaint. (ECF 52.) By way of this motion, plaintiffs seek to amend their complaint to assert their existing claims against Epic Landscape Productions, Inc. ("Epic Inc."), John Constant, and Marty Siler as additional defendants; to add new plaintiffs who have filed consents to join the action; to remove a named plaintiff; and to make other, non-substantive edits. Epic LC opposes the joinder of new defendants, but otherwise does not oppose the motion. (ECF 61.) For the reasons explained further below, the court grants plaintiffs' motion. Epic LC has not demonstrated any reason for the court to deny the amendment under Federal Rule of Civil Procedure 15, and joinder of the additional defendants is appropriate under Federal Rule of Civil Procedure 20.

**I.      BACKGROUND**

Plaintiffs are current and former hourly employees of Epic LC. They allege that Epic LC refused to pay them overtime compensation for all hours worked in excess of forty per workweek. According to plaintiffs, Epic LC's policy and practice was to pay employees the same straight-time hourly rate for overtime hours as it did for non-overtime hours.

Epic LC is a limited liability company with two members: Epic Inc. and Sibrook Landscape, Inc. ("Sibrook Inc."). (ECF 19.) Epic Inc. and Sibrook Inc. are owned by Constant and Siler, respectively. Plaintiffs assert that—as the owners of Epic LC—Epic Inc., Constant, and Siler "are employers, joint employers and/or co-employers of" plaintiffs. (ECF 52, at 3.) Plaintiffs seek to amend their complaint to assert their claims against Epic Inc., Constant, and Siler, in addition to Epic LC.

Epic LC opposes plaintiffs' motion, arguing that plaintiffs deliberately chose not to name these additional defendants earlier, and that plaintiffs seek to do so now in bad faith and to Epic LC's detriment.

**II.     ANALYSIS**

Plaintiffs filed their motion for leave to amend before the deadline set in the Phase I scheduling order (ECF 36), but more than 21 days after Epic LC responded to the complaint. In this situation, Federal Rule of Civil Procedure 15(a)(2) governs amendment. Plaintiffs' motion also implicates Federal Rule of Civil Procedure 20, governing joinder of parties. Whether to grant a motion to amend is within the court's sound discretion. *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006) (citing *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987)).

### A.     Amendment Is Allowed Under Rule 15(a)(2)

Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that in the absence of such a showing, amendment should be allowed). Epic LC opposes amendment on three grounds: bad faith, undue delay, and undue prejudice. The court will address each argument in turn.

Bad Faith

Epic LC first argues that plaintiffs are seeking to add defendants in bad faith and for an improper purpose. Specifically, Epic LC broadly asserts that plaintiffs filed their motion "for no other purpose than to intimidate, harass, and burden Defendant" after the parties failed to settle this case at mediation. (ECF 61, at 7.) According to Epic LC, "Plaintiffs' counsel obviously intends to send a message to John Constant and Marty Seiler individually and drive up litigation expenses in retaliation for Defendant not settling the case." (*Id.*) Epic LC offers nothing to support this brazen accusation, other than general timing. It states that plaintiffs' counsel brought a similar case against it in the Western District of Missouri in 2017, and therein had "full knowledge of [the proposed defendants'] identities." (*Id.* at 2). Additionally, Epic LC filed its corporate disclosure

3

statement in this case on August 10, 2022, and it identified Epic Inc. and Sibrook Inc. as its members. (*Id.*) But plaintiffs did not file their motion seeking to add defendants until February 13, 2023—six days after the failed mediation.

In response, plaintiffs explain that the timing of their motion is not the result of nefarious plans, but rather is based on "the simple truth" that Epic LC "is having financial problems as evidenced by its sudden shut down of its Missouri facility." (ECF 64, at 3.) As a result, plaintiffs conclude, "any judgment issued in this case may need to be satisfied by Plaintiffs' joint employers, the proposed Defendants . . . each of [whom] is potentially liable jointly and severally."[1] (*Id.*)

Epic LC has failed to demonstrate that plaintiffs are pursuing amendment in bad faith. The court will not infer bad faith based on unsupported assertions, particularly here given plaintiffs' timing explanation. Although the parties have pointed to no evidence in the record that addresses Epic LC's *actual* financial position, plaintiffs' *belief* that it recently has taken a turn for the worse is enough to indicate no bad faith. It is perfectly understandable that plaintiffs would want to take appropriate measures to increase the likelihood that they will be able to collect on any judgment they might obtain in this case. The court will not deny plaintiffs leave to amend on this basis.

## Undue Delay

Next, Epic LC argues that because plaintiffs' counsel knew the identities of the proposed additional defendants for years, plaintiffs unduly delayed in seeking leave to add them to this case. Delay alone is not enough to deny a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). At some point, however, delay becomes undue when it places an unwarranted burden on the court or when it becomes prejudicial by placing an unfair burden on

---

[1] Epic LC does not contest that Epic Inc., Constant, or Siler can be sued as an "employer" under the FLSA.

the opposing party. *Id.* In evaluating what constitutes undue delay sufficient to deny a motion to amend, the court must focus "primarily on the reasons for the delay." *Id.* at 1206 (10th Cir. 2006). Denial is appropriate where the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (noting that courts have "denied leave to amend in situations where the moving party cannot demonstrate excusable neglect," including "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").

Plaintiffs have adequately explained their reason for delaying their decision to add Epic Inc., Constant, and Siler as defendants. As mentioned above, plaintiffs state that they only discovered Epic LC's "financial problems . . . in recent months with the closing of [Epic LC's] Missouri location." (ECF 64, at 3.) Again, regardless of whether Epic LC *actually* is in financial trouble, plaintiffs' belief in the same is an adequate explanation for plaintiffs' delay in seeking to add solvent defendants. Moreover, as discussed below, the timing of plaintiffs' amendment does not impact the court's schedule for resolving this action or unfairly burden Epic LC. Under these circumstances, the court does not find undue delay.

<u>Prejudice</u>

Finally, Epic LC asks the court to deny plaintiffs leave to add new defendants because such amendment would unduly prejudice Epic LC. Undue prejudice is the most important factor in determining whether to allow an amendment to the pleadings. *See Minter*, 451 F.3d at 1207. A party may be unduly prejudiced when an amendment unfairly affects a party preparing its defense—for example, when the amendments "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* "While any amendment

invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants." *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018); *see also* 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (recognizing a plaintiff typically will not be precluded from amending "simply because that amendment may increase defendant's potential liability").

Epic LC alleges in conclusory fashion that "the addition of new defendants raises significant new factual issues, which unnecessarily increases costs." (ECF 61, at 8.) The court is not persuaded by this unsupported assertion. This case is in a relatively early stage. Under the Phase I scheduling order, the parties agreed to initially focus their efforts on discovery necessary to support and rebut plaintiffs' motion for conditional certification. (ECF 36, at 4.) According to plaintiffs, the only deposition that has been taken so far is that of the named plaintiff (ECF 64, at 4), so Epic LC will not be put to the expense of retaking multiple depositions (if any at all). Moreover, because plaintiffs are not seeking to add claims or additional operative facts, any discovery Epic LC already has taken is likely pertinent to the amended complaint. The court has not yet set a deadline for the close of merits discovery, as such deadline will be set in the Phase II scheduling order after the court issues a ruling on plaintiffs' motion for conditional certification of an FLSA collective action. Epic LC has not explained—and the court cannot fathom—how the addition of Epic LC's alleged co-employers at this stage of the proceedings could increase the cost of litigation to any meaningful degree.

In sum, Epic LC has not shown that plaintiffs acted in bad faith or unduly delayed seeking amendment. The case has not progressed to the point where Epic LC would be prejudiced by the amendment. Accordingly, the court finds amendment proper under Rule 15(a)(2).

### B.     Joinder Under Rule 20(a)(2) is Appropriate

When a motion to amend seeks to add parties that are not required, the court also must consider Rule 20.  *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018).  Under that rule, defendants may be joined if (1) the claims against them "arise out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  "Language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."  *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (quoting 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.)).  As with Rule 15, the court liberally construes Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  *AKH Co.*, 2018 WL 2008860, at *5; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Plaintiffs assert that Epic Inc., Constant, and Siler should be joined under Rule 20(a)(2) because plaintiffs seek to bring the same claims arising out of the same series of transactions or occurrences against them as they do Epic LC.  The court agrees (and Epic LC does not disagree).  Plaintiffs seek to hold all four defendants jointly and/or severally liable for the violations alleged.  Plaintiffs contend that both Epic entities and their owners "are employers, joint employers, and/or

7

co-employers of the . . . proposed class of plaintiffs in this action." (ECF 52, at 3.) Joining Epic Inc., Constant, and Siler as defendants in this case is appropriate under Rule 20(a)(2).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to File Amended Complaint (ECF 52) is granted.

**IT IS FURTHER ORDERED** that plaintiffs must file their amended complaint as a separate docket entry by **March 27, 2023**.

Dated March 23, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
