IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al., on behalf of themselves and others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C., EPIC LANDSCAPE PROUCTIONS, INC., JOHN CONSTANT, and MARTY SILER,<br><br>**Defendants.** | Case No. 2:22-CV-02198-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiffs bring this putative class and collective action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants Epic Landscape Productions, L.C., ("Epic LC"), Epic Landscape Productions, Inc., ("Epic Inc."), John Constant, and Marty Siler willfully failed to pay overtime compensation. This matter is before the Court on Plaintiffs' Corrected Motion and Incorporated Suggestions in Support of their Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) (Doc. 53).[1] For the reasons explained below, the Court grants Plaintiffs' motion to conditionally certify a collective action but limits the time period in the class definition to three years. The Court directs the parties to meet and confer on the form and substance of the notice and dissemination plan, and orders the parties to file a revised joint notice and dissemination plan in compliance with this Order.

---

[1] On the same day the present motion was filed, Plaintiffs also filed a Motion for Leave to Amend Complaint (Doc. 52) which was granted on March 23, 2023 (Doc. 66). Plaintiffs then filed their Amended Complaint, adding additional plaintiffs as well as three additional defendants: Epic Inc., John Constant, and Marty Siler, who filed an Answer on April 20, 2023 (Doc. 72).

**I.     Legal Standard**

An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2] Unlike a class action under Fed. R. Civ. P. 23, to participate in a FLSA collective action, all plaintiffs must "consent in writing to become such a party," and each consent must be "filed in the court in which such action is brought."[3]

The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[4]  Section 216(b) does not define "similarly situated," but the Tenth Circuit has approved an *ad hoc* case-by-case approach for determining whether employees are "similarly situated" for purposes of § 216(b).[5]  This involves a two-step inquiry.[6]  The first step occurs at the "notice stage" of the proceedings, where the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[7]  At this stage, the court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[8]  This standard is lenient and typically results in conditional certification.[9]  In reviewing a motion for conditional certification, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs'

---

[2] 29 U.S.C. § 216(b).

[3] *Id.*

[4] *Id.*

[5] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

[6] *Id.* at 1105.

[7] *Id.* at 1102.

[8] *Id.* (alterations omitted) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)); *see also Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 1001 (D. Kan. 2018) (citing *Thiessen*, 267 F.3d at 1102).

[9] *Blair*, 309 F. Supp. 3d at 1001 (citing *Thiessen*, 267 F.3d at 1103).

2

claims."[10]  Generally, courts in this district have limited the scope of their review on a motion for conditional certification to the allegations in the plaintiffs' complaints and supporting affidavits.[11]

The second step—requiring the court to apply a stricter standard to ensure that plaintiffs are actually similarly situated—comes after discovery is complete and is usually prompted by defendants filing a motion to decertify.[12]

## II.   Background

Because Plaintiffs' motion is brought at the notice-stage of conditional certification, the Court recites the following allegations drawn from Plaintiffs' Amended Complaint[13] and other documents in the record.[14]

Defendant Epic LC is a limited liability company with two members: Defendant Epic Inc. and Silbrook Landscape, Inc., which is not a party to this matter.[15]  Defendant John Constant is the owner of Defendant Epic Inc., and Defendant Marty Siler is the owner of Silbrook Landscape, Inc.

Plaintiffs comprise a group of current and former lawn and landscape workers who were hourly employees of Defendants.  The Plaintiff who seeks to be designated as the class representative, Jose Gonzalez Gomez, has worked as a lawn and landscape worker for Defendants since February 4, 2019.  Throughout his employment, Defendants have paid Gomez,

---

[10] *See, e.g.*, *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1263 (D. Kan. 2015) (quoting *Folger v. Medicalodges, Inc*., No. 13-1203-MLB, 2014 WL 2885363, at *2 (D. Kan. June 25, 2014)).

[11] *See, e.g.*, *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 908 (D. Kan. 2021); *Renfro v. Spartan Comput. Servs., Inc.*, 243 F.R.D. 431, 434 & n.4 (D. Kan. 2007).

[12] *Thiessen*, 267 F.3d at 1102–03.

[13] Doc. 69.

[14] Docs. 19, 53.

[15] *See* Doc. 19.

as well as the other lawn and landscape workers, on an hourly basis. These workers often work in excess of 40-hours per week but, at least until July 2021, did not receive overtime premiums for such work.

On May 30, 2022, Plaintiffs filed this putative collective action, asserting five claims. In Count I, Plaintiffs allege that Defendants violated the FLSA by failing to appropriately compensate Plaintiffs and the putative representative action Plaintiffs for their overtime work. In Count II, Plaintiffs allege that Defendants violated Mo. Rev. Stat. § 290.500 for failing to pay employees overtime. In Count III, Plaintiffs allege that Defendants breached their contract with H-2B workers[16] by agreeing to, but failing to, pay them overtime wages. In Count IV, Plaintiffs allege that Defendants' U.S. workers are third party beneficiaries to Defendants' contracts with H-2B workers, and that Defendants breached those contracts by failing to provide overtime compensation. Finally, in Count V, Plaintiffs allege that Defendants were unjustly enriched by improperly retaining the money that should have been paid to the non-H-2B workers in the form of overtime wages. The only claim at issue for purposes of the instant motion is the FLSA claim in Count I.

**III.  Analysis**

    **A.  Conditional Certification**

Plaintiffs seek conditional certification of the following class:

> All current and former lawn and landscape workers, who worked for the Defendants at any time from three years and 120 days from the date of the Court's Order certifying this action to the Present.[17]

In support, Plaintiffs provided 620 pages of Defendants' pay records, as well as Defendants'

---

[16] The H-2B nonimmigrant program permits employers to temporarily hire nonimmigrants to perform nonagricultural labor or services in the United States.

[17] *See* Doc. 53 at 23–24.

4

discovery responses.[18]

Defendants oppose Plaintiffs' motion, asserting that Plaintiffs' proposed class is too disparate for conditional certification. In support of their argument, Defendants point to the fact that Plaintiffs' proposed class includes employees who performed six different types of work, worked in three different locations, and were covered by three separate FLSA exemptions. Defendants also take issue with the time-period included in the class definition, arguing that the appropriate time-period is two years, not three years plus 120 days. In the event that the Court grants any conditional certification, Defendants request that the Court substantially narrow the proposed class to only those Plaintiffs who have the same job description, job location, and are not covered by an FLSA exemption, and that the applicable time-period be limited to two years. The Court addresses these issues in turn.

        **1.**     **Substantial Similarity**

Defendants argue that Plaintiffs have not shown that members of the putative class are similarly situated because they cannot identify a single practice, policy, or plan that binds them all together. To support this argument, Defendants point to the fact that Plaintiffs have failed to provide any declarations in support of their Amended Complaint or the instant motion, leaving the Court with only those allegations in the pleadings to consider. And the factual allegations in the pleadings, Defendants argue, are not sufficient to establish that Defendants have violated the FLSA on a nationwide basis.

As stated above, at this stage, the Court does not consider the merits of Plaintiffs' overtime claims and does not weigh evidence. In fact, "[t]he Tenth Circuit does not require any

---

[18] *See* Docs. 53-1, 53-2.

quantum of evidence to be produced at the notice stage."[19]  Therefore, the Court considers the allegations in Plaintiffs' Amended Complaint and the instant motion, as well as the documentation attached thereto, to determine if there are substantial allegations that the putative class members were together the victims of a single decision, policy, or plan to not pay overtime premiums.  The Court is satisfied that Plaintiffs have met this lenient standard.

The Amended Complaint and the motion for conditional certification sufficiently allege, and Defendants do not dispute, that: all of the putative class members were paid on an hourly basis and were paid pursuant to the same pay practices; all of the putative class members worked in excess of 40 hours per week; and none of the putative class members received overtime premiums for hours worked in excess of 40 hours prior to July 2021.  To support these allegations, Plaintiffs attached payroll records for each of Defendants' hourly workers, which demonstrate that none of them ever received overtime compensation prior to July 2021.[20]

Plaintiffs also allege that each of the putative class members were uniformly classified as exempt under the Motor Carrier Exemption to the FLSA by Defendants and point to Defendants' discovery responses as evidence.[21]  Defendants dispute this last allegation and claim that Defendants actually classified the putative class members under three separate exemptions under the FLSA: the Motor Carrier Exemption, the Agricultural Worker Exemption, and the Administrative Exemption.  But Defendants' exemption arguments, which may or may not ultimately prevail, are premature at this notice stage.[22]  At this stage, the Court need only decide

---

[19] *McCoy v. Over Easy Mgmt., Inc.*, No. 14-cv-01309-EFM, 2015 WL 1578627, at *3 (D. Kan. Apr. 9, 2015).

[20] *See* Doc. 53-1.

[21] *See* Doc. 53-2.

[22] *Prince v. Kansas City Tree Care, LLC*, No. 19-2653-KHV, 2020 WL 3217103, at *3 (D. Kan. June 15, 2020) (citing *Geer v. Challenge Fin. Inv'rs Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005)).

whether Plaintiffs have sufficiently alleged that they are substantially similar—and their allegation that they were all classified under the same FLSA exemption supports that argument.

Therefore, the Court finds that Plaintiffs have made a colorable showing that the putative Plaintiffs worked for the same employer, performed similar duties as lawn and landscape workers, and that their allegations of FLSA overtime violations are based on the same policy of not paying such workers for their overtime work. The Court is satisfied that Plaintiffs' allegations and supporting documentation are sufficient for purposes of sending notice of the action to potential class members.

### 2. Class Definition

Next, Defendants argue that if the Court does find substantially similarity, it should limit the scope of the class to cover only those workers with the same job description, job location, and who are not covered by an FLSA exemption, as well as to a shorter period of time that aligns with the statute of limitations and does not take into account any tolling agreement. Plaintiffs object to these proposed modifications.

#### a. Covered Employees

First, Defendants object to the scope of employees included in Plaintiffs' proposed class definition, but do not specifically propose an alternative. Rather, Defendants seem to argue, in a general sense, that Plaintiffs' proposed class definition is too broad because it includes employees with different job descriptions who work at different job locations, and who are, according to Defendants, subject to different FLSA exemptions. The Court is unpersuaded by this argument. The conditional certification standard requires only that the workers are similarly

7

situated—i.e., that they "were together the victims of a single decision, policy, or plan."[23]  It does not limit a class to those with the exact same titles working at the exact same location.  Because the Court has already found that Plaintiffs have met this lenient standard, it finds that Plaintiffs' proposed class definition is not too broad as written.

### b. Time Period

Second, Defendants object to the time period included in Plaintiffs' proposed class definition.  Defendants first argue that their conduct was not willful and, therefore, the two-year statute of limitations under the FLSA should apply instead of the three-year statute of limitations.  Then, Defendants assert that Plaintiffs' request for an additional 120 days, which Plaintiffs claim would account for a tolling agreement between the parties, should be denied.  The Court finds that, at this juncture, Plaintiffs' use of the three-year statute of limitations is appropriate but denies Plaintiffs' request to include the additional 120 days.

### i. Statute of Limitations

The FLSA sets a two-year statute of limitations in which to bring a cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages.[24]  In the case of "willful violations," however, the FLSA extends the statute of limitations to three-years.[25]  Plaintiffs' proposed class definition includes a three-year notice period, which Defendants object to because any FLSA violations were not "willful."[26]  To establish a willful violation on Defendants' part, Plaintiffs "must show that the 'employer either knew or showed reckless

---

[23] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996)).

[24] 29 U.S.C. § 255(a).

[25] *Id*.

[26] *See* Doc. 60 at 17–19.

8

disregard for the matter of whether its conduct was prohibited by the statute.'"[27]  However, because the question of willfulness speaks to the merits of Plaintiffs' case—which the Court does not consider at this stage—the Court need not determine whether Defendants' alleged violation of the FLSA was willful.[28]  Rather, the Court will allow Plaintiffs' proposed class definition to include the three-year notice period at this preliminary stage, noting that it can be modified during the next stage if warranted.[29]

### ii. Additional Time to Account for Tolling Agreement

Plaintiffs base their request to add an additional 120 days to the three-year notice period on a Tolling Agreement which is attached as Exhibit E to their motion for conditional certification.[30]  Plaintiffs assert that, because the statute of limitations was tolled for 120 days pursuant to this Tolling Agreement, those 120 days should be added to the three-year time period in the class definition.  In response, Defendants assert that these additional days should not be added because the Tolling Agreement is specifically limited to the individuals whose names are listed in Exhibit A to the Tolling Agreement and, therefore, any individuals that would receive notice if the class is conditionally certified would not have been subject to the Tolling Agreement.[31]  The Court agrees.

---

[27] *Prince v. Kansas City Tree Care, LLC*, — F. Supp. 3d —, 2023 WL 2428899, at *12 (D. Kan. Mar. 9, 2023) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[28] *See, e.g., Sharp v. CGG Land (U.S.) Inc.*, No. 14-cv-0614-CVE-TLW, 2015 WL 222486, at *5 (N.D. Okla. Jan. 14, 2015) ("Courts generally use the three year limitations period in first stage conditional certification, despite the requirement of a willful violation, because the question of willfulness speaks to the merits of the case.") (collecting cases).

[29] *See, e.g., Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 4383037, at *6 (D. Colo. July 30, 2018) ("[C]ourts have held that whether a putative class member's claims are barred by the statute of limitations is a defense that the defendant must prove at a later stage—'statute of limitations concerns do not undermine' whether plaintiff and putative plaintiffs are similarly situated.'") (quoting *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15cv227, 2016 WL 1057038, at *7 (M.D.N.C. Mar. 14, 2016)).

[30] *See* Doc. 53-5.

[31] *See* Doc. 60 at 19, n.5.

As Defendants point out, the Tolling Agreement at issue here is between "Claimants," defined "only as those individuals specifically listed on Exhibit A" to the agreement, and Epic LC.[32] While Exhibit A is not part of the record, it is clear from the text of the Tolling Agreement that it does not apply to "any other employee or former employee of Epic," and that the statute of limitations for any claims of such other employees or former employees "shall continue to run and shall not be tolled by this Agreement."[33] Therefore, Defendants are correct (and Plaintiffs made no effort to dispute) that it would be inappropriate to add the 120 days to the period of time in the class definition.

### 3. Class Representative and Class Counsel

Because Defendants have not asserted any objection to Plaintiff Jose Gonzalez Gomez being designated as class representative for the collective action or to Plaintiffs' counsel being approved to act as class counsel, the Court grants both requests.

## B. Notice

In light of the Court's decision that this action should be conditionally certified for purposes of notifying potential members of the class, the Court turns to the form and substance of the notice to potential class members, and addresses additional issues raised by Plaintiffs with regard to notice.

### 1. Form and Substance of Notice

Plaintiffs have submitted a proposed notice and dissemination plan.[34] Defendants summarily object to Plaintiffs' proposed notice and dissemination plan, without objecting to any

---

[32] Doc. 53-5.

[33] *Id.* at ¶ 6.

[34] *See* Doc. 53-6.

10

specific part thereof, and argue that the Court should require the parties to meet and confer on the notice and method of distribution.

The Court finds that a short meet-and-confer period is appropriate here.[35]  Therefore, the parties are directed to meet and confer about the form and substance of the notice and dissemination plan and, if an agreement is reached, to submit the joint proposed notice and dissemination plan to the Court for approval within 14 days of the entry of this Order.  If the parties are unable to reach an agreement, then Plaintiffs shall file a motion within 14 days of the entry of this Order seeking approval of their proposed notice and dissemination plan.  Defendants shall then file their objections to Plaintiffs' proposed notice and submit an alternate proposed notice and dissemination plan within 5 days of the filing of Plaintiffs' motion.

### 2. Detailed Class List from Defendants

Plaintiffs ask the Court to order Defendants to provide a detailed class list of the putative class members, which would include their current or last known address, phone number, and e-mail address, within fifteen days of this Order.  The Court grants this request.  Such information is commonly used to locate putative class members and Defendants have provided no specific reason why it should not be required to provide it here.[36]

### 3. Equitable Tolling

Plaintiffs make two separate requests for equitable tolling of the statute of limitations for putative class members.  The Court denies both requests.

---

[35] This Court has previously noted that allowing parties time to meet and confer in an attempt to agree on a joint notice is "the typical procedure utilized in this Court."  *Pinkston v. Wheatland Enters. Inc.*, No. 11-cv-2498-JAR, 2013 WL 1191207, at *4 (D. Kan. Mar. 22, 2013).

[36] *See, e.g., Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1264 (D. Kan. 2015) (citations omitted).

First, Plaintiffs request that the statute of limitations be tolled for putative class members from the date Plaintiffs filed the present motion until the close of the opt-in period. While the Tenth Circuit has not addressed equitable tolling in FLSA collective actions, district courts in this Circuit have found that it may be appropriate under certain circumstances.[37] However, these district courts typically deny requests, like the one Plaintiffs have made here, for "blanket" tolling for hypothetical plaintiffs, particularly when the parties have not yet had an opportunity to address the relevant factors for equitable tolling.[38] In the absence of any substantive briefing from Plaintiffs on the issue, the Court declines to grant equitable tolling for individuals who are not yet parties to the case. Plaintiffs may renew this request for equitable tolling at a later date if they believe it is warranted.

Second, Plaintiffs request for the first time in their reply brief that the statute of limitations be tolled during any meet-and-confer period that the Court grants. The Court denies this request for the same reasons discussed above, and because the period of time the Court has allotted for this meet-and-confer process is so minimal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Corrected Motion and Incorporated Suggestions in Support of their Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) (Doc. 53) is **granted in part**. The Court conditionally certifies a collective action for the following class of persons:

> All current and former lawn and landscape workers, who worked for the Defendants at any time from April 28, 2020 through the date the Court grants conditional certification.

---

[37] *Id.* at 1267 (collecting cases).

[38] *See, e.g., id.* (discussing factors and declining to issue blanket ruling); *Nelson v. Firebirds of Overland Park, LLC*, No. 17-2237-JWL, 2018 WL 3023195, at *7 (D. Kan. June 18, 2018) (finding request premature at notice stage and declining to impose blanket ruling); *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2017 WL 552733, at *3–4 (D. Kan. Feb. 10, 2017) (discussing five-factor test).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff Jose Gonzalez Gomez is designated as the class representative and Plaintiffs' counsel is approved to act as class counsel in this matter.

**IT IS FURTHER ORDERED BY THE COURT** the parties are directed to meet and confer about the form and substance of the notice and dissemination plan and, if an agreement is reached, to submit the joint proposed notice and dissemination plan to the Court for approval within 14 days of the entry of this Order. If the parties are unable to reach an agreement, then Plaintiffs shall file a motion within 14 days of the entry of this Order seeking approval of their proposed notice and dissemination plan. Defendants shall then file their objections to Plaintiffs' proposed notice and submit an alternate proposed notice and dissemination plan within 5 days of the filing of Plaintiffs' motion.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants are ordered to provide Plaintiffs with a list, both electronically in an Excel spreadsheet and by hard copy, of all individuals who meet the above class description, including their current or last known address, phone number, and e-mail address, within 14 days of the entry of this Order.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiffs' requests for equitable tolling of the statute of limitations for the putative class members are denied.

**IT IS SO ORDERED.**

Dated: April 28, 2023

                                                    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE