IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C., et al.,<br><br>Defendants. | Case No. 22-2198-JAR-ADM |

**MEMORANDUM AND ORDER**

Plaintiffs bring this putative class and collective action under the Fair Labor Standards Act ("FLSA") alleging that their employers, defendants Epic Landscape Productions, L.C.; Epic Landscape Productions, Inc.; John Constant; and Marty Siler (collectively, "Epic"), willfully failed to pay them overtime compensation. This matter is now before the court on plaintiffs' Motion to Compel Production of Executed Declarations or to Prohibit their Use in Litigation. (ECF 95.) By way of the motion, plaintiffs ask the court to order Epic to produce executed witness declarations over which Epic asserts work-product protection or, alternatively, preclude Epic from using the declarations in the case. For the reasons explained further below, the court finds that Epic has demonstrated work-product protection applies to the declarations and that plaintiffs' argument for preclusion is premature. Thus, the court denies the motion.

**I.      BACKGROUND**

Plaintiffs are current and former lawn and landscape workers who allege that Epic failed to pay them overtime compensation when they worked more than 40 hours in a workweek. According to plaintiffs, Epic's policy and practice was to pay employees the same straight-time

hourly rate for overtime hours as it did for non-overtime hours.  Plaintiffs filed this FLSA action on May 30, 2022.  (ECF 1.)  On June 29, 2022, Alan Rupe, with the law firm Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), entered his appearance as defense counsel.  (ECF 6.)

Discovery commenced, and plaintiffs served document requests on Epic.  (ECF 24, 39.)  On April 4, 2023, Epic produced a privilege log denoting 22 witness declarations that it was withholding as attorney work product.  (ECF 96, at 3-8.)  The log indicated that LBBS interviewed the declarants and created the declarations between November 16 and December 14, 2022.  (*Id.*)  After receiving the privilege log, plaintiffs asked Epic if it "intend[ed] to use [the declarations] in the litigation at a later date or reserve the right to do so" or whether it believed the declarations "are work product that do not have evidentiary or impeachment value such that they will not be used for any purpose in the litigation other than your work product."  (ECF 95, at 2; 100, at 2.)  Epic responded, "These declarations are work-product and protected from production, and we reserve the right to use them later in this litigation.  In the event that Defendant decides to use any of the declarations, it will produce the subject declaration at that point."  (*Id.*)

On May 26, the court convened a discovery conference, at the parties' request, to discuss whether Epic must produce the declarations.  (ECF 91.)  Epic's counsel explained that it interviewed present and former Epic employees and then prepared the declarations for their signatures.  Epic asserted that the declarations are protected work product.  Plaintiffs argued that, to the contrary, the declarations are factual witness statements that are not protected from disclosure.  After hearing the parties' initial arguments, the court set deadlines for the filing of this motion to compel and attendant briefing.

## II.  LEGAL STANDARDS

The work-product doctrine traces its origins to *Hickman v. Taylor*, 329 U.S. 495 (1947). In *Hickman*, the Supreme Court recognized that, in preparing for trial, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at 510.  The doctrine was later codified in Federal Rule of Civil Procedure 26(b)(3).  That rule provides that a party ordinarily "may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A).  Thus, in order to establish work-product protection, the party asserting it must show that (1) the materials sought are documents or tangible things (2) prepared by or for the party or its representative, and (3) prepared in anticipation of litigation or for trial. *Id.*; 8 CHARLES A. WRIGHT, ET AL., FED. PRAC. & PROC. § 2024 (3d ed. 2019).  The party asserting work-product protection bears the burden to demonstrate it applies. *In re Grand Jury Proceedings*, 616 F.3d 1172, 1185 (10th Cir. 2010).

## III.  THE DECLARATIONS ARE PROTECTED WORK PRODUCT

Epic has easily met its burden to establish work-product protection over the witness declarations.  First, the witness declarations are documents.  Second, the privilege log indicates that Epic's litigation counsel, LBBS, prepared the documents.  Third, LBBS prepared the documents in November and December 2022, months after the case was filed in May 2022.  In fact, plaintiffs do not contest that the declarations are documents, prepared by defense counsel, during litigation and in anticipation of trial.  As such, the declarations meet the definition of work product.

Plaintiffs argue, however, that executed witness declarations are not work product because "they are factual accounts," rather than "a lawyer's mental impressions, conclusions, opinions or legal theories." (ECF 95, at 3-4.) Plaintiffs note that some district courts have reached this conclusion. *See, e.g.*, *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 422 (D.N.J. 2009); *Nam v. U.S. Xpress, Inc.*, No. 1:11-CV-116, 2012 WL 12840094, at *2 (E.D. Tenn. May 15, 2012) (collecting cases). The court is not persuaded to follow these nonbinding decisions. Deeming witness declarations wholly unprotected because they are factual accounts does not adequately recognize that there are two types of work product: fact work product and opinion work product. *See, e.g., In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) ("Work product can be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, i.e., fact work product, which may be discoverable under appropriate circumstances."); *Lassiter v. Hidalgo Med. Servs.*, No. 17-CV-0850 JCH/SMV, 2018 WL 1891104, at *2 (D.N.M. Apr. 18, 2018) ("Courts generally recognize two types of protected work product—fact work product and opinion work product."). Opinion work product involves the "mental impressions, conclusions, opinions, or legal theories of a party's attorney." FED. R. CIV. P. 26(b)(3)(B). But the doctrine also protects fact work product. Fact work product includes "materials generated by attorneys that are not opinion work product; e.g., witness statements, investigative reports, photographs, diagrams, and charts prepared in anticipation of litigation or for trial preparation." *See Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 626 (N.D. Okla. 2009). For this reason, the court follows caselaw holding factual witness statements that meet the three requirements of Rule 26(b)(3)(A) are protected work product. *See, e.g., Hickman*, 329 U.S. at 512 (holding written witness statements that attorney gathered were protected work product); *Estate of Taylor v. Fanuc Amer. Corp.,* No. 20-1361, 2022 WL 2791168, at * (D. Kan. July 15, 2022)

("Courts have held witness statements, videos, and photographs are protected by the work product doctrine if all the other factors for work product protection are met."); *McBride v. Medicalodges, Inc.,* Nos. 06–2535–JWL, 06–2536–JWL, 06–2538–JWL, 2008 WL 2157114, at *1 (D. Kan. May 22, 2008) ("The Court finds that Plaintiffs have sufficiently established the elements of work product for the witness statement sought by Defendant."); *Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277 (D. Kan. 1993) ("The court concludes that the [witness] statement is clearly the work product of Americold because it was taken in anticipation of litigation."). *See also, Coe v. Cross-Lines Ret. Ctr., Inc.,* No. 22-2047-EFM-ADM, 2022 WL 17338289, at *9 (D. Kan. Nov. 30, 2022) (holding that "witness answers to questionnaires distributed by attorneys in the context of imminent litigation are protected work product"); *In re Grand Jury Investigation*, 599 F.2d 1224, 1229–30 (3d Cir. 1979) (upholding finding that witness-returned factual questionnaires used by counsel were protected work product); *In re Grand Jury Subpoena*, 599 F.2d 504, 512 (2d Cir. 1979) (holding "written answers to the questionnaires set out in the employee's own words ... [are] part of the lawyer's work product").

Plaintiffs assert that underlying facts contained in witness declarations are not protected work product. Of this, there is no doubt. *See Lassiter,* 2018 WL 1891104, at *2 ("Although the doctrine protects fact work product, it does not protect from discovery the underlying facts contained in the work product."). But this recognized rule does not entitle plaintiffs to view the protected declarations themselves. *See High Tech Commc'ns, Inc. v. Panasonic Co.,* No. CIV. A. 94-1477, 1995 WL 83614, at *4 (E.D. La. Feb. 24, 1995) ("[A] document does not lose its work product status merely because it contains discoverable factual information."). To hold otherwise would unfairly permit a party to piggyback onto the work done by the other party in marshalling the facts. *See Hickman*, 329 U.S. at 516 (Jackson, J., concurring) ("Discovery was hardly intended

to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."). Instead, plaintiffs may conduct their own discovery to learn the relevant facts; they are at liberty to seek factual information from non-party witnesses through their own interviews or depositions. *See, e.g.*, *NLRB v. Building & Constr. Trades Council*, No. 88-03495, 1989 WL 2627, at *3 (3d Cir. July 17, 1989) ("Respondents reasons do not qualify as an exception to the ordinary protection afforded work product. The identity of the witnesses is known, and therefore, the information sought can be developed through the normal, though time consuming, processes of deposition."); *High Tech Commc'ns*, 1995 WL 83614, at *4 ("Panasonic can discover any facts disclosed in the questionnaires by deposing the individuals who responded to them."); *Oklahoma v. Tyson Foods,* 262 F.R.D. at 629 ("Thus, although a party is protected from producing work product documents through requests for production, the facts contained in that work product can be discovered through the use of interrogatories."); *Coe*, 2022 WL 17338289, at *10 (same). Although Rule 26(b)(3)(A) directs that fact work product may be discoverable in limited situations—where a party shows "substantial need" or the inability to obtain the information through other means without "substantial hardship"—plaintiffs here do not attempt to demonstrate such need or hardship. (*See* ECF 104, at 2 (arguing only that deposing the witnesses themselves would be "a waste of time").)[1]

---

[1] Nor do plaintiffs argue that work-product protection has been waived. Indeed, any such argument likely would be unsuccessful because the record contains no evidence that Epic revealed the witness declarations "to an adversary or a conduit to an adversary," as would be required for the court to find work-product waiver. *Pipeline Prods., Inc. v. Madison Cos.*, No. 15-4890-KHV-ADM, 2019 WL 2106111, at *3 (D. Kan. May 14, 2019). *See also United States v. Deloitte LLP*, 610 F.3d 129, 139 (D.C. Cir. 2010) (noting that although the attorney-client privilege is waived by voluntary disclosure, work-product protection is only waived by voluntarily disclosure to an adversary).

### IV. PLAINTIFFS' PRECLUSION REQUEST IS PREMATURE

Plaintiffs next ask the court to "prohibit Defendants from shielding th[e] declarations from discovery now and then later using the declarations as a sword." (ECF 95, at 1.) Because Epic has not attempted to use the declarations in this litigation (and concurrently withheld them as privileged), plaintiffs' request is premature. It is true that litigants may not "use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 704 (10th Cir. 1998). But Epic has not used the witness declarations to prove a point in this case. If and when it does, Epic would, of course, be obligated to disclose the declarations. Epic has acknowledged this obligation. (ECF 100, at 2.) Thus, this portion of plaintiffs' motion also is denied.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Production of Executed Declarations or to Prohibit their Use in Litigation (ECF 95) is denied.

Dated July 17, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
