IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C., EPIC LANDSCAPE PROUCTIONS, INC., JOHN CONSTANT, and MARTY SILER,<br><br>Defendants. | Case No. 2:22-CV-02198-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiffs bring this putative class and collective action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants Epic Landscape Productions, L.C., Epic Landscape Productions, Inc., John Constant, and Marty Siler willfully failed to pay overtime compensation. This matter is before the Court on Defendants' Motion to Seal or Redact Docs. 147, 148, and 165 (Doc. 187). Plaintiffs do not oppose the motion.

Defendants' motion to seal is neither novel, nor a close call. They move to seal or redact from the record dozens of instances of personal identifying information, including social security numbers and taxpayer identification numbers, from documents filed by Plaintiffs. Plaintiffs' failure to follow Federal Rule of Civil Procedure 5.2, the Court's local rules for filing matters under seal, and the Court's Administrative Procedures, created unnecessary motions practice in order to redact this information from the record, while at the same time, publishing confidential information that took much too long to correct.

Under Fed. R. Civ. P. 5.2 and the Court's Administrative Procedures, there is no need to seek leave to file under seal or redact certain private information. Rule 5.2 provides how to

redact social security numbers, taxpayer identification numbers, birthdates, minor names, and financial account numbers. The filing party may only include the last four digits of social security, financial account, and taxpayer identification numbers; the year of a person's birthdate; and initials of minors. Plaintiffs wholly failed to follow this rule when filing Docs. 147 and 165.

Defendants first move to seal or redact information filed at Doc. 147, which is a Motion for Class Certification that attaches nine exhibits. Defendants identify a social security number that should have been redacted in Exhibit 1. Defendants also identify several personal identifiers that are not covered by Rule 5.2, but that do meet the standard for sealing. Namely, employees' personal home addresses, phone numbers, mailing addresses, and email addresses should be redacted. The Court agrees that this is confidential information, and that the risk of harm due to disclosure outweighs the public's right to access this information.[1] The Court further finds that because these documents have been publicly disclosed, they must be sealed and replaced with redacted versions; Defendants' proposed redactions are appropriate. Therefore, the Clerk shall seal Docs. 147-1, 147-2, 147-5, 147-6, and 147-9. Plaintiffs shall promptly file redacted versions of Exhibits 1, 2, 5, 6, and 9 and link them to Doc. 147.[2]

Defendants next move to seal or redact documents included at Doc. 148, which are provisionally sealed exhibits filed in support of Plaintiffs' motion for class certification: Exhibits 4, 11, 12, 13, and 14. Defendants list in their motion to seal several taxpayer IDs, financial account information, and personal contact information included in Doc. 148, but do not specify the exhibit numbers in which these were found. No party has otherwise moved to seal these

---

[1] *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[2] Plaintiffs shall use the highlighted versions provided by Defendants as a guide. All highlighted information should be redacted.

documents, despite the provisional filing and notice that was filed in December 2023.[3]  Because these documents were filed provisionally under seal, there has been no public disclosure of this information.  For the same reasons discussed above, the taxpayer ID numbers and financial account information should have been redacted by Plaintiffs in the first instance.[4]  The Court finds that the confidentiality interest in redacting personal contact information outweighs the public's right to access that information.  The Court therefore directs the Clerk to remove the provisional designation from this docket entry, but maintain it under seal.  Plaintiffs shall promptly file the redacted versions of Exhibits 4, 11, 12, 13, and 14, as proposed by Defendants, and link them to Docs. 147 and 148.

Finally, Defendants move to seal or redact Doc. 165, which sought to substitute a corrected Exhibit 4 in Doc. 148.  Inexplicably, Plaintiffs filed the attached proposed substitute exhibit on the public record.  This 568-page document contains dozens of taxpayer ID numbers and personal contact information.  Therefore, the Clerk is directed to seal Doc. 165-1.  The Court has already directed Plaintiffs to file the redacted version of Exhibit 4 along with its redactions of the other exhibits filed at Doc. 148.

The Court cautions Plaintiffs to carefully review their filings going forward by screening them for information covered by Fed. R. Civ. P. 5.2.  The Court directs all parties to carefully follow Rule 5.4.2 going forward in order to avoid delays in the Court's review and rulings on any future request to seal materials in this case.

---

[3] The parties should review D. Kan. Rule 5.4.2, which changed the sealing rules in this district substantially in 2022.  Although the filing party is required to file documents it "reasonably believes may contain confidential information" provisionally under seal under subsection (a), followed by a notice of the proposed sealed record under subsection (b), it is the *Proponent* that seeks to maintain the document under seal that is required to file a motion to seal or redact.  D. Kan. R. 5.4.2(c).

[4] Pages that only contain Rule 5.2 information should have been filed in redacted form without leave of court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Seal or Redact Docs. 147, 148, and 165 (Doc. 187) is **granted**. Plaintiffs are directed to comply with the Court's orders herein for filing redacted versions of the identified documents by Monday, April 29, 2024.

**IT IS SO ORDERED.**

Dated: April 23, 2024

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

4