IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al., on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C., EPIC LANDSCAPE PRODUCTIONS, INC., JOHN CONSTANT, and MARTY SILLER,<br>      Defendants. | Case No. 2:22-CV-2198-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiffs bring this putative class and collective action under the Fair Labor Standards Act ("FLSA")[1] and state law, alleging that Defendants Epic Landscape Productions, L.C. ("Epic LC"), Epic Landscape Productions, Inc. ("Epic Inc."), John Constant, and Marty Siller (collectively, "Epic" or "Defendants") willfully failed to pay overtime compensation. This matter is before the Court on Defendants' Motion for Partial Judgment on the Pleadings (Doc. 156). For the reasons explained below, the Court denies Defendants' motion.

## I.    Legal Standard

The Court reviews a motion brought pursuant to Fed. R. Civ. P. 12(c) under the same standard that governs Rule 12(b)(6) motions.[2] To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that, assumed to be true, "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that

---

[1] 29 U.S.C. § 201, *et seq*. (2007).

[2] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Dep't of Corr.*, *Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citing *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991)).

is plausible on its face."[3]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but is "not bound to accept as true a legal conclusion couched as a factual allegation."[8]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[9] *Id.* at 679.

[10] *Id.*

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

A motion for judgment on the pleadings should not be granted unless the movant has established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[12]

## II.    Background

Because Defendants' motion is brought at the motion to dismiss stage, the Court recites the following allegations from Plaintiffs' Amended Complaint.[13]

Epic LC is a limited liability company with two members: Epic Inc. and Silbrook Landscape, Inc., which is not a party to this matter.  Epic Inc. operates in Kansas and Missouri. John Constant is the owner of Epic Inc., and Defendant Marty Siler is the owner of Silbrook Landscape, Inc.

Plaintiffs comprise a group of current and former lawn and landscape workers who are or were hourly employees of Defendants.

On May 30, 2022, Plaintiffs filed this putative collective and class action, asserting five claims.  In Count I, Plaintiffs allege that Defendants violated the FLSA[14] by failing to appropriately compensate Plaintiffs for overtime work.  In Count II, Plaintiffs bring a putative class action, alleging that Defendants violated the Missouri Minimum Wage Law ("MMWL")[15]

---

[11] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[12] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[13] Doc. 67.

[14] 29 U.S.C. § 201.

[15] Mo. Rev. Stat. § 290.500, *et seq* (2007).

by failing to pay employees overtime.  In Count III, Plaintiffs allege that Defendants breached

their contract with H-2B workers[16] by failing to pay them overtime wages.  In Count IV,

Plaintiffs allege that Defendants' citizen workers are third party beneficiaries to Defendants'

contracts with their H-2B workers (and that Defendants breached those contracts by failing to

provide overtime compensation).  Finally, in Count V, Plaintiffs allege that Defendants were

unjustly enriched by improperly retaining the money that should have been paid to the citizen

workers in the form of overtime wages.

On April 28, 2023, the Court conditionally certified Count I as an FLSA collective

action.[17]  The Court defined the conditional class as: "All current and former lawn and landscape

workers, who worked for the Defendants at any time from April 28, 2020 through the date the

Court grants conditional certification."[18]  On May 18, 2023, the Court set a forty-five day

deadline for putative class members to opt-in to the action.[19]

Defendants now seek dismissal of Counts II–V.

III.   Discussion

A.   Missouri Minimum Wage Law Claim (Count II)

First, Defendants argue Plaintiffs may recover overtime through the FLSA only;

Defendants assert that Plaintiffs do not have a valid claim under the MMWL because the FLSA's

overtime provisions preempt state overtime statutes.

The doctrine of federal preemption precludes enforcing state laws or regulations that

tread on constitutional text, federal statutes, or treaties made under the authority of the United

---

[16] The H-2B program permits employers to temporarily hire nonimmigrants to perform nonagricultural labor or services in the United States.

[17] Doc. 76.

[18] *Id.* at 12.

[19] Doc. 83.

States.[20]  The type of preemption, express or implied, depends on the nature of the laws at issue.

Regardless of the label used to describe the preemptive claim, "[i]nvoking some brooding federal

interest or appealing to a judicial policy preference" is insufficient, as the party asserting

preemption "must point specifically to 'a constitutional text or a federal statute' that does the

displacing or conflicts with state law."[21]

Defendants cite multiple cases to support their contention that Plaintiffs may recover

overtime through the FLSA only and assert that District of Kansas cases *suggest* that the FLSA

preempts Plaintiffs' MMWL claim.[22]  However, Plaintiffs assert Defendants' cited cases are

inapposite because the Kansas Wage Payment Act ("KWPA") is fundamentally different than the

MMWL.  The KWPA only requires employers to "pay all wages due to the employees of the

employer at least once during each calendar month, on regular paydays designated in advance by

the employer."[23]  The Kansas Supreme Court has observed that the KWPA controls various

aspects of workers' wages and benefits that the FLSA does not address.[24]  Further, the statute

"does not contain any express provision relating to the payment of overtime, which is typically

---

[20] *See generally Kansas v. Garcia*, 589 U.S. 191, 202 (2020).

[21] *Va. Uranium, Inc. v. Warren*, 587 U.S. 761, 767 (2019) (quoting *P.R. Dept. of Consumer Affs. v. ISLA Petrol. Corp.,* 485 U.S. 495, 503 (1988)).

[22] *See Blair v. Transam Trucking, Inc.*, 309 F. Supp. 3d 977, 998 (D. Kan. 2018) ("[A]llowing Plaintiffs to use procedures other than those established in [the FLSA] would render that section superfluous.")(citation omitted); *Larson v. FGX Int'l, Inc.*, No. 14-2277-JTM, 2015 WL 1034334, at *3 (D. Kan. Mar. 10, 2015) ("[T]o the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by §§ 206 and 207 of the FLSA."); *Drowatzky v. ADT LLC*, No. 20-1065-HLT, 2020 WL 3639742, at *2–3 (D. Kan. July 6, 2020) (FLSA overtime provisions preempt Kansas state statutory overtime claims).

[23] Kan. Stat. Ann. § 44-314(a).

[24] *Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014).

pursued under a FLSA claim."[25]  Additionally, Plaintiffs note that "absent a clear and manifest intent from Congress, it is presumed that state and federal law may coexist."[26]

Unlike Defendants, Plaintiffs have cited numerous on-point cases that support their argument that the MMWL claim here is not preempted by their FLSA claim.[27]  The Court agrees with Plaintiffs' analysis.  Thus, Defendants' motion is denied as to Count II.

### B. Breach of Contract (Count III)

In this Count, Plaintiffs allege the legal obligation to pay overtime attendant to Defendants' H-2B applications are incorporated into their contracts of employment with Plaintiffs and that Defendants breached those contracts.  Defendants assert Plaintiffs' breach of contract claim should be dismissed because it fails to allege a valid offer, acceptance, or meeting of the minds.  Defendants note that in this Count, Plaintiffs allege that Epic's H-2B applications "always represented that [Epic] would pay overtime compensation."[28]  Second, Plaintiffs claim that their contracts with Epic incorporate state overtime compensation laws.[29]

According to Defendants, Plaintiffs' first assertion misstates the nature of an H-2B application because the H-2B application is directed to the Department of Labor, not the workers.  Defendants assert the Complaint fails to allege that Plaintiffs saw, much less agreed to, the terms in the H-2B applications.  Defendants cite *Albelo v. Epic Landscape Prods., L.C.*,[30] a

---

[25] *Id.*

[26] *Florece v. Jose Pepper's Rests., LLC*, 2:20-cv-02339-TC-ADM, 2021 WL 722822, at *5 (D. Kan. Feb. 24, 2021)(rejecting the defendant's argument that an MMWL claim is duplicative of the plaintiff's FLSA overtime and/or minimum wage claim).

[27] *Albelo v. Epic Landscape Prods., L.C.*, No. 4:17-cv-454-DGK, 2021 WL 2659087, at *3 (W.D. Mo. June 28, 2021) (noting "no court in the Western District of Missouri has held the FLSA preempts claims brought under the MMWMHL")(citations omitted).

[28] Doc. 69 ¶ 236.

[29] *Id.* ¶ 241–42.

[30] 2021 WL 2659087.

"nearly identical lawsuit against Epic" where the Western District of Missouri found that the

plaintiffs' contract claim failed as a matter of law because the named plaintiff did not have a

written or implied contract with Epic that required it to pay overtime compensation.[31]  In short,

Defendants argue that the regulatory documents do not create an enforceable contract.

Plaintiffs counter that the legal obligations attendant to their H-2B applications are

incorporated into their contracts of employment.  Plaintiffs note courts faced with this specific

issue "almost universally" have allowed H-2B workers to advance a breach of contract claim

based on the same contractual theory as they assert here.[32]

Regarding the *Albelo* decision that Defendants cite, the Court finds this case is

distinguishable because it is a summary judgment decision that does not fully analyze the issue.[33]

The Court has reviewed the applicable authority and finds that Plaintiffs are correct that the

weight of authority clearly supports their position.  Plaintiffs have alleged a plausible claim for

breach of contract at this stage of the litigation.

### C.  Third Party Beneficiary Claim (Count IV)

Count IV of Plaintiffs' Amended Complaint asserts that Epic's citizen workers "were

and are beneficiaries to [the H-2B workers'] contracts because federal law mandates that they

receive the same benefits and wages" as H-2B workers.[34]

---

[31] *Id.* at *5.

[32] *Cailao v. Hotelmacher LLC*, No. CIV-17-800-SLP, 2019 WL 13159739, at *7 (W.D. Okla. Feb. 5, 2019); *Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, 619 (8th Cir. 2015) (observing "most courts facing this question in other jurisdictions have held that H-2, H-2A, and H-2B workers can enforce a federally mandated wage rate under state contract law.").

[33] The Court notes that this portion of the *Albelo* decision is a mere three sentences.  The Western District of Missouri court simply stated, "Albelo's contract claim fails because it is undisputed that he had no written or implied contract with Epic requiring it to pay him overtime compensation.  The absence of a contract between Albelo and Epic is fatal to this claim." *Albelo,* 2021 WL 2659087, at *12 (citation omitted).

[34] Doc. 69 ¶ 248.

Defendants assert Plaintiffs' third party beneficiary claim fails to allege a valid contract or that the alleged contracting parties intended to benefit the non-H-2B employees. Defendants argue the only party that can sue as a third-party beneficiary is the intended beneficiary.

Plaintiffs counter that the relevant Department of Labor regulation prohibits an employer from treating U.S. workers less favorably than their foreign counterparts.[35]

The Court has already rejected Defendants' first argument—that Plaintiffs have not adequately alleged the existence of any contract in which Defendants promised to pay Plaintiffs overtime. Regarding the question of whether Plaintiffs have adequately alleged that both Defendants and the H-2B workers intended to benefit the citizen workers by ensuring that the H-2B contracts promised overtime, Defendants have not cited any on-point case or statute to support their argument. Thus, the arguments are undeveloped at this time; Defendants' dismissal request is premature.

**D. Equitable Relief (Count V)**

Defendants assert that Plaintiffs' equitable claim fails because the claim is reserved for cases that lack a valid contract. As discussed, Plaintiffs' Amended Complaint asserts that a valid contract exists between the parties.

Similar to the third party beneficiary claim, the citizen workers contend they have a quantum meruit/unjust enrichment claim based upon the regulatory framework that mandates that "[t]he employer's job offer must offer to U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2B workers."[36]

---

[35] 29 C.F.R. § 503.16(q).

[36] *Id*.

Plaintiffs contend that at this stage of the case, courts have allowed parties in unpaid wage cases to bring alternative claims for quantum meruit where the equitable claim provides relief beyond what is available under either the FLSA or state law.[37]  Plaintiffs point out that their quantum meruit claim exceeds the relief available under Missouri law and, further, is not subject to the two-year statute of limitations for an FLSA claim.  Additionally, the exemptions under the FLSA are inapplicable to this Count.[38]  Lastly, Plaintiffs correctly point out that Defendant fails to cite any case that dismissed a similar claim at this stage of the proceedings.

Because Plaintiffs may plead in the alternative, the Court agrees with Plaintiffs that it is premature to dismiss the unjust enrichment/quantum meruit claim as duplicative.  Defendant's motion as to Count V is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. 156) is **denied**.

**IT IS SO ORDERED.**

Dated: July 30, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[37] *McFarland v. Stratford Commons Rehab. & Health Care Ctr., LLC*, No. 17-2204, 2017 WL 4776960, at *1–2 (D. Kan. Oct. 23, 2017); *see also Charbonneau v. Mortg. Lenders of Am., L.L.C.*, No. 18-2062-CM-KGS, 2018 WL 6411447, at *2 (D. Kan. Dec. 6, 2018).

[38] 29 C.F.R. § 503.16(q).