IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al.,<br>on behalf of themselves and others similarly situated,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C.,<br>EPIC LANDSCAPE PRODUCTIONS, INC.,<br>JOHN CONSTANT and MARTY SILLER,<br><br>　　　Defendants. | Case No. 2:22-CV-2198-JAR-ADM |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File a Surreply to Plaintiff's Motion for Class Certification (Doc. 180). For the reasons explained below, the Court finds the motion for leave to file a surreply is moot and directs Plaintiffs to withdraw either their Motion for Class Certification, or Reply to the motion in order to remedy the inconsistency in their proposed class and subclass definitions.

Plaintiffs have put forth three iterations of their proposed class(es) for purposes of Fed. R. Civ. P. 23 certification. First, in the Amended Complaint, they proposed the following class:

> All current and former hourly employees at Defendants' sites in Missouri at any time during the two years preceding the filing of this lawsuit, and as to those times covered by the parties' tolling agreement, and who performed work without proper compensation.[1]

Second, in Plaintiffs' Motion for Class Certification, they defined the proposed class as "[a]ll persons who worked for Defendants as hourly laborers in Kansas and Missouri from May 30, 2017 to July 2021, and who performed overtime work for the Defendant for more than 40

---
[1] Doc. 155 ¶ 203.

hours in workweek without overtime compensation."[2] In this opening brief, they propose four subclasses:

> A. H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek;
>
> B. Non H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek;
>
> C. Missouri H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek; and
>
> D. Non H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek.[3]

The conclusion section at the end of Plaintiffs' Motion for Class Certification requests certification of the following *classes*:

> A: H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek;
>
> B: Non H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek;
>
> C: Missouri H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek; and
>
> D: Missouri non H-2B workers who did not receive overtime compensation after having worked more than 40 hours in a workweek.[4]

Finally, in Plaintiffs' Reply, they propose "two Rule 23 classes" with one class having a subclass based on similar legal theories.[5] Plaintiffs do not provide proposed definitions in the Reply but state:

---

[2] Doc. 147 at 12.

[3] *Id.*

[4] *Id.* at 29.

[5] Doc. 169 at 4.

>Class 1 is predicated on Defendants' consistent and pervasive representations to the Department of Labor that they would pay overtime compensation to their H-2Bworkers.
>
>Class 2 is a Missouri Minimum Wage Maximum Hours Laws claim that largely tracks the FLSA claims already certified by this Court.
>
>Within that class, there are two subclasses:
>
>i. H-2B Immigrant Contract Claims
>The H-2B workers' claims are predicated on a breach of contract based on representations to the DOL that they would pay overtime.
>
>ii. Domestic Laborer Claims
>For the non-immigrant laborers, Federal law mandates that they should be paid equal to or more than their non-citizen counterparts.[6]

Defendants move for leave to file a surreply, pointing out the inconsistency between the different class and subclass definitions.[7][8] Defendants argue they are prejudiced by the discrepancy because they focused their response to Plaintiffs' Motion for Class Certification on Plaintiff's initial definition of the proposed class and subclasses.

The Court agrees with Defendants that Plaintiffs' varied definitions of their proposed class(es) and subclasses are confusing and inconsistent.[9] Further, Defendants

---

[6] *Id.* at 4–5.

[7] Doc. 180 at 2.

[8] Confusing the issue further, Plaintiffs' Opposition to Defendants' Motion for Leave to File Surreply erroneously asserts:

>Plaintiffs have, at all times, since the inception of this matter, identified the classes and subclasses in this matter, namely, 1) an H-2B class predicated [on] breach of contract stemming from Defendants' uniform representations to the Department of Labor that they would pay foreign workers overtime compensation; 2) a domestic class predicated on equitable claims arising from statutory requirements that domestic workers be paid no less favorably than their foreign counterparts; and 3) a Missouri labor class for the workers who worked from the Defendants' Missouri location.

Doc. 181 at 2.

have been prejudiced by the inconsistencies because their response brief focused on the definition proposed in the original motion, which Plaintiffs changed in the Reply.

To remedy this prejudice caused by Plaintiffs' inconsistent class definitions, the Court directs Plaintiffs to exercise one of these two options by August 7, 2024: (A) withdraw their Motion for Class Certification, or (B) withdraw their Reply. If Plaintiffs choose the first option, they may file an Amended Motion for Class Certification by August 19, 2024; Defendants shall respond by August 26, 2024. No reply shall be filed. If Plaintiffs choose the second option, briefing will be considered closed and this Court will take the matter under advisement; no further reply shall be filed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to File a Surreply to Plaintiffs' Motion for Class Certification (Doc. 180) is **moot**.

By August 7, 2024, Plaintiffs shall either withdraw their Motion for Class Certification (Doc. 147) or their Reply to the motion (Doc. 169). If Plaintiffs withdraw their Motion for Class Certification, they may file an Amended Motion for Class Certification by August 19, 2024, and Defendants shall respond to the amended motion by August 26, 2024. No further replies shall be filed.

**IT IS SO ORDERED.**

Dated: August 6, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE