IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GONZALEZ GOMEZ, et al., on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

EPIC LANDSCAPE PRODUCTIONS, L.C., EPIC LANDSCAPE PRODUCTIONS, INC., JOHN CONSTANT, and MARTY SILLER,

    Defendants.

Case No. 2:22-CV-2198-JAR-ADM

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Notices of Consent to Join (Doc. 145). For the reasons explained below, the Court grants the motion.

On April 28, 2023, the Court conditionally certified this case as a collective action pursuant to 28 U.S.C. § 216(b) of the FLSA.[1] On May 18, 2023, the Court entered an Order Approving Conditional Certification Notice.[2] The relevant notice informed putative class members, among other things, of the deadline to opt-in and the effect of joining the suit.[3] The parties agreed that the notice period began on June 5, 2023, meaning that the period ended on July 20, 2023.[4]

---

[1] Doc. 76.

[2] Doc. 83.

[3] *Id.* at 2.

[4] Doc. 145-1 at 1.

Defendants ask the Court to strike Plaintiffs' Notices of Consent to Join regarding opt-ins who filed consents to join the putative FLSA collective action after July 20, 2023.[5]

In response, Plaintiffs insist the parties repeatedly discussed the issue of opt-in timing and that Defendants agreed that a time extension was warranted. Plaintiffs assert Defendants proposed a time extension to August 31, 2023 for late opt-ins. Plaintiffs also maintain Defendants' motion is an "attempt to lever its demands" regarding other matters.[6] Plaintiffs seek their fees and costs associated with responding to Defendants' motion.

The Court need not address the parties' time extension argument—or lack thereof—because as Defendants observe, Plaintiffs failed to file a motion seeking to add the late opt-ins or otherwise request the Court modify the notice period contained in the Court's Order approving conditional certification notice.[7] Plaintiffs have not explained this omission. Thus, Plaintiffs have failed to demonstrate neglect, much less excusable neglect.[8] Simply put, parties must comply with court orders and cannot change an order by mutual consent. The late opt-ins are due to be stricken.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Strike Notices of Consent to Join (Doc. 145) is **granted**. The Clerk is directed to **strike** the following documents from the record—Docs. 122, 123, 124, 126, and 127—and **dismiss** the relevant Plaintiffs from this case.

**IT IS SO ORDERED.**

---

[5] Docs. 122, 123, 124, 126, and 127. Doc. 128 is also a Notice of Consent to Join. It was filed on September 12, 2023 and the Consent to Join was signed on August 28, 2023. *Id.* at 3. This notice is not referenced in Defendants' motion, which was filed on December 15, 2023. Thus, the Court will not strike Doc. 128.

[6] Doc. 150 at 7.

[7] Doc. 83 at 2.

[8] *Sizemore v. State of N.M. Dep't of Labor*, 182 F. App'x 848, 852–53 (10th Cir. 2006) (finding no excusable neglect where counsel, *inter alia*, ignored deadline).

Dated: August 6, 2024

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE