IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C.,<br>EPIC LANDSCAPE PRODUCTIONS, INC.,<br>JOHN CONSTANT, and MARTY SILER<br><br>　　　　　Defendants. | Case No. 2:22-cv-02198-JAR-ADM |

**DEFENDANTS' UNOPPOSED MOTION TO REDACT**

　　　　Pursuant to Federal Rule of Civil Procedure 5.2(e) and District of Kansas Rule 5.4.2(c), Defendants Epic Landscape Productions, L.C. ("Epic"), Epic Landscape Productions, Inc., John Constant, and Marty Siler (collectively "Defendants"), by the undersigned counsel, move to redact portions of exhibits filed in Defendants' Memorandum in Support of Motion to Decertify. *See* Doc. 251. The information Defendants seek to redact consists of Epic's Federal Tax ID numbers. Plaintiffs do not oppose Defendants' Motion. In support of this Motion, Defendants state:

　　　　1.　　On July 22, 2024, Defendants filed their Motion to Decertify and Memorandum in Support. *See* Docs. 250 and 251.

　　　　2.　　The Memorandum in Support included Exhibit 26, which contained several Federal Tax ID numbers. *See* Doc. 251 at Exhibit 26. The majority were redacted. But after filing, Defendants identified two instances that were unredacted. *See* Doc. 251-26 at 6–7.

　　　　3.　　Pursuant to D. Kan. Rule 5.4.2(c), Defendants are concurrently emailing this document to chambers with their proposed redactions highlighted in yellow.

　　　　4.　　While federal courts recognize that the public has a right to access judicial records, this presumption can be overcome if "countervailing interests heavily outweigh the public interests

in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotations omitted). The party seeking to have a document remain confidential must show "some significant interest that outweighs the presumption." *Id.* The question whether parties meet this threshold rests in the Court's discretion. *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 5918912, at *17 (D. Kan. Dec. 15, 2021).

5.      When considering a request to seal documents, the court must "assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection." *Hodgson Law Firm, LLC v. Kingston*, No. 17-2730-DDC-JPO, 2018 WL 3127163, at *1 (D. Kan. Mar. 14, 2018).

6.      Taxpayer identification numbers are crucial parts of a business's identity and financial safety. The holders of these numbers have significant privacy interests in ensuring that others do not obtain these numbers. The Federal Rules of Civil Procedures acknowledge these important privacy interests by prohibiting the unredacted filing of "taxpayer-identification number[s]." Fed. R. Civ. P. 5.2(a).

7.      Federal courts have also recognized an important privacy interest in taxpayer identification numbers—an interest that warrants sealing documents that contain those numbers and are filed with a court. *Sciara v. Campbell,* No. 2:18-cv-01700-DJA, 2023 U.S. Dist. LEXIS 158115, at *5 (D. Nev. Sep. 7, 2023) ("the Court finds compelling reasons to seal the account numbers and tax identification numbers that appear in the exhibits to Sprout's motion for partial summary judgment."); *Corthera, Inc. v. Scottsdale Ins. Co.,* No. 14-cv-05014-EMC, 2016 U.S. Dist. LEXIS 3250, at *5 (N.D. Cal. Jan. 11, 2016) (refusing to grant a motion to seal except with regard to "federal tax identification number and bank account information"); *Lowery v. United*

*States,* No. 3:16-CV-701-DCK, 2018 U.S. Dist. LEXIS 91011, at *7-8 (W.D.N.C. May 30, 2018) ("the law generally holds that taxpayer information should be confidential").

8. Redacting Epic's Employer Federal Tax ID Number will not interfere with the public's understanding of this case and Defendants' interest in maintaining this information as confidential outweighs the public's interest in access. Defendants' request is narrowly tailored as it only seeks to redact the identified confidential information and not the seal the documents in their entirety. Given that the information contained in these documents could "unfairly impact the business interests" of Defendants, Defendants respectfully request the Court grant their Motion to redact this information.

WHEREFORE, Defendants respectfully request that the Court enter an order granting their Motion and redact the information identified above in Exhibit 26 to Defendants' Memorandum in Support of Their Motion to Decertify. *See* Doc. 251.

/s/ Alan L. Rupe
Alan L. Rupe, KS #08914
Jared Harpt, KS #30005
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  (316) 609-7900
Facsimile:   (316) 462-5746
alan.rupe@lewisbrisbois.com
jared.harpt@lewisbrisbois.com

Eric W. Barth, KS #21193
HINKLE LAW FIRM LLC
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206
Telephone:  (316) 267-2000
Facsimile:   (316) 630-8466
ebarth@hinklaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, the above Defendants' Unopposed Motion to Redact was filed using the Court's CM/ECF system which sent notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe