IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GONZALEZ GOMEZ ET AL.,

    Plaintiffs,

v.

EPIC LANDSCAPE PRODUCTIONS, L.C.;
JOHN CONSTANT; MARTY SILER; AND
EPIC LANDSCAPE PRODUCTIONS, INC. ,

    Defendants.

Case No. 22-CV-2198-JAR

## MEMORANDUM AND ORDER

Plaintiffs, currently or formerly employed by Defendants as lawn and landscape workers, bring this class and collective action under the Fair Labor Standards Act ("FLSA")[1] and state law, alleging that Defendants failed to pay overtime compensation for all hours worked in excess of 40 in a workweek. In October 2024, the Court denied Defendants' motion for decertification of the FLSA collective and held that this action may proceed as a collective action under 29 U.S.C. § 216(b). At the same time, the Court certified classes under Rule 23 for purposes of Plaintiffs' Missouri Minimum Wage Law claims, breach of contract claims, and third-party beneficiary claims. The parties are in the process of finalizing a proposed plan for notice to the class members pursuant to Rule 23(c)(2)(B).

This matter is now before the court on Plaintiffs' motion to exclude Defendants' expert Brian Farrington (doc. 193). Defendants have retained Mr. Farrington to provide an expert opinion regarding the application of the Motor Carrier Act ("MCA") exemption to Plaintiffs—an

---

[1] 29 U.S.C. § 201 et seq.

issue that is the primary focus of the FLSA and MMWL claims in this litigation. As described more fully below, the motion is granted in its entirety.

**Standard**

Plaintiffs move to exclude Mr. Farrington's testimony and report under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[2] Rule 702, which was amended effective December 1, 2023, governs the admissibility of expert witness testimony by allowing someone "who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion."[3] In *Daubert*, the Supreme Court held that Rule 702 imposes a gatekeeping responsibility on trial courts to ensure that proposed expert testimony "is not only relevant, but reliable."[4] In performing this gatekeeping function, the court "generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."[5] If the expert is sufficiently qualified, the court must next determine whether the expert's testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline."[6] The Supreme Court in *Daubert* set forth a non-exhaustive list of four factors that courts may consider in determining the reliability of the proffered expert testimony: (1) whether the theory or technique can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate; and (4) its degree of general acceptance in the relevant scientific community.[7]

---

[2] 509 U.S. 579 (1993).

[3] Fed. R. Evid. 702.

[4] 509 U.S. at 589.

[5] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702).

[6] *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005) (quoting *Daubert*, 509 U.S. at 592).

[7] *Daubert*, 509 U.S. at 593–94.

After determining that a witness is qualified to testify as an expert and that the testimony is reliable, the court must determine whether the expert testimony is sufficiently "relevant to the task at hand."[8] Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."[9] "Relevant expert testimony must 'logically advance[ ] a material aspect of the case' and be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'"[10] "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."[11] In assessing whether expert testimony will assist the jury, the court should consider whether the testimony "is within the juror's common knowledge and experience."[12]

Pertinent to the expert opinion at issue here, Federal Rule of Evidence 704 allows an expert witness to testify about an ultimate question of fact.[13] But the rule does not permit an expert to instruct the jury how it should rule, if the expert does not provide any basis for that opinion.[14] To be admissible, an expert's testimony must be helpful to the trier of fact.[15] To ensure testimony is helpful, "[a]n expert may not state legal conclusions drawn by applying the law to the facts, but an expert may refer to the law in expressing his or her opinion."[16]

---

[8] *Bitler*, 400 F.3d at 1234 (quoting *Daubert*, 509 U.S. at 597).

[9] Fed. R. Evid. 401; *see* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

[10] *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (alteration in original) (first quoting *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005); and then quoting *Daubert*, 509 U.S. at 591).

[11] *Daubert*, 509 U.S. at 591 (quoting 3 *Weinstein & Berger* ¶ 702[02] (1988)).

[12] *Garcia*, 635 F.3d at 476–77 (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006)).

[13] *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015).

[14] *Id.*

[15] *Id.* (citing Fed. R. Evid. 702).

[16] *Id.* (citing *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (internal quotation marks and alterations omitted)).

It is within the court's discretion to determine how to perform its gatekeeping function under *Daubert*.[17] The most common method for fulfilling this function is a *Daubert* hearing, although it is not specifically mandated.[18] Here, neither party has requested a hearing on this motion. The Court finds that it can perform its gatekeeping function by examining the report submitted by Plaintiffs and without conducting a hearing.

**Farrington's Report**

As noted above, Defendants have retained Mr. Farrington to testify regarding the application of the MCA exemption to Epic's hourly workers. Brian Farrington, as indicated in his report, is a former investigator in the Wage and Hour Division of the Department of Labor. After working as an investigator for nearly 15 years in which he performed between 500 and 600 full DOL investigations, Mr. Farrington obtained his law degree. He presently practices employment law at a private law firm where his practice is focused almost exclusively on wage and hour matters. Together, Mr. Farrington has nearly 50 years of experience working primarily on wage and hour issues.

In his report, Mr. Farrington sets forth in detail his view of the statutory and regulatory framework of the MCA exemption as further explicated by numerous federal court decisions. Using his interpretation of the law he deems pertinent to the MCA exemption, Mr. Farrington then applies that law to facts that he has gleaned from the evidence in the case to render the following opinions: Epic is a private carrier; Epic employees regularly cross state lines or may be called upon to do so; Epic drivers, drivers' helpers, Epic employees who load vehicles, and Epic

---

[17] *Goebel v. Denver & Rio Grande W. R.R.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

[18] *Id.*

employees who perform safety checks on vehicles all perform duties that impact the safety of operation of motor vehicles; and Epic vehicles are commercial vehicles for purposes of the MCA exemption. Ultimately, Mr. Farrington concludes as follows:

> It is my opinion that the USDOL/WH would apply the evidence I have discussed—including that Epic is a DOT regulated carrier assigned USDOT #540064; that Epic's employees make trips involving the interstate transportation of property in commercial vehicles at least every four months and/or that they can be called upon do so; that the combined GVWR rating of the trucks and trailers Epic's employees drive are always or nearly always greater than 10,001 pounds; and that the types of employees under consideration in this lawsuit impact safety of operation of motor vehicles by driving Epic's trucks, helping the truck drivers, loading and inspecting the trucks and trailers, maintaining and fixing the trucks and trailers, and/or combinations of such duties—to determine the application of the MCA exemption and the exempt status of Plaintiffs.

Plaintiffs' move to exclude Mr. Farrington's report and his testimony at trial.

**Discussion**

Plaintiffs move to exclude Mr. Farrington's report and his testimony at trial on the grounds that Mr. Farrington's report consists entirely of inadmissible legal conclusions that are based on his interpretation of the law as it applies to his factual findings. As highlighted by Plaintiffs in their motion, several courts have excluded the testimony of Mr. Farrington for the very reason urged by Plaintiffs here. In *Beck v. Access eForms, LP*, for example, the court found that Mr. Farrington's report consisted "almost entirely of legal analysis and conclusions."[19] Striking the report in its entirety, the court emphasized that Mr. Farrington expressed opinions "concerning the application of the FLSA regulations to Plaintiff's job duties and opinions concerning whether those duties fall within the computer professional occupation exemption of

---

[19] No. 4:16-CV-00985, 2017 WL 5598579, at *3 (E.D. Tex. Nov. 21, 2017).

the FLSA's overtime compensation requirement."[20] The court easily concluded that Mr. Farrington's detailed review of statutes, case law, and facts relevant to his analysis to reach his conclusions that Defendants' policies did not violate the FLSA was not properly within the scope of expert testimony.[21]

Similarly, in *Johnson v. All American Check Cashing, Inc.*, the plaintiff moved to exclude Mr. Farrington's report on the grounds it contained impermissible legal conclusions with respect to whether the administrative exemption applied to her FLSA claim.[22] In the report, Mr. Farrington analyzed the plaintiff's job duties through the lens of the pertinent regulations to conclude that plaintiff's job was exempt from the overtime requirements of the FLSA.[23] Looking to decisions in related cases from the same District, the court in *Johnson* granted the motion to exclude to the extent Mr. Farrington's testimony "would bear on the application of the labor regulations to her job duties, and whether those duties fall within the administrative exemption to the FLSA."[24]

Here, too, Mr. Farrington analyzes the job duties of Epic's employees, applies various regulations to those job duties, and concludes that the DOL would find that Epic's employees are exempt under the MCA exemption. The court agrees with Plaintiffs that Mr. Farrington's report in this case is not admissible as it is rife with legal conclusions drawn from an application of the law as he views it to facts as he finds them. Rather than providing the jury with objective criteria

---

[20] *Id.*

[21] *Id.*; *see also Little v. Technical Specialty Prods., LLC*, 940 F. Supp. 2d 460, 468 (E.D. Tex. 2013) (excluding Farrington's report because it consisted entirely of legal analysis and conclusions).

[22] No. 3:13-CV-270-WHB-RHW, 2015 WL 11120670, at *1 (S.D. Miss. Mar. 12, 2015)

[23] *Id.* at *2-3.

[24] *Id.* at *3; *see also Welch v. All Am. Check Cashing, Inc.*, No. 13-271, 2014 WL 11514960, at *1 (S.D. Miss. Aug. 12, 2014) (granting motion to exclude Mr. Farrington to the extent he "intend[ed] to express an opinion concerning the application of regulations under the [FLSA] to plaintiff's job duties and concerning whether those duties fall within the 'administrative capacity' exemption to the FLSA's overtime compensation requirement").

by which they can exercise independent judgment and assess the nature and extent of the activities performed by Epic's employees, Mr. Farrington supplants the jury's judgment with his own.[25] His report necessarily relies on a set of facts that he has adopted from his view of the evidence. Similarly, Mr. Farrington opines on the ultimate legal determination in this case—whether Plaintiffs are exempt by virtue of the MCA exemption—and, in doing so, usurps the role of the Court.[26] In summary, the court agrees with those courts that have excluded Mr. Farrington's opinions in cases analogous to this one.

To be sure, there are cases in which Mr. Farrington has been permitted to testify. Defendants, for example, direct the Court to *Scalia v. East Penn Manufacturing Co.* in support of their contention that Mr. Farrington's report is admissible.[27] But *Scalia* is distinguishable from the situation presented here in a meaningful way. That case was a donning-and-doffing case and no exemption was at issue.[28] The court held that Mr. Farrington could testify about the objective reasonableness of East Penn's viewpoint and to provide background information concerning established customs and practices in his respective field.[29] None of these issues, then, bear on whether Mr. Farrington may opine on the ultimate issue here—whether Plaintiffs are exempt under the MCA exemption. Moreover, the *Scalia* court also held that Mr. Farrington could not

---

[25] *United States v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015) (Expert testimony is properly excluded if it "usurps the function of the jury in deciding the facts," or . . . "interferes with the function of the judge in instructing the jury on the law.") (quoting *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005)).

[26] *Compare Bachmann v. Hartford Fire Ins. Co.*, 323 F. Supp. 3d 1356, 1361 (M.D. Fla. 2018) ("Were [the expert] to go beyond her explanation of LTD Analysts job duties to state an opinion on whether Plaintiffs were properly categorized as exempt, that would be an impermissible legal conclusion. As it stands, however, the scope of [the expert's] proposed testimony is perfectly admissible.").

[27] *Scalia v. E. Penn Mfg. Co.*, No. CV 18-1194, 2020 WL 5409164, at *14 (E.D. Pa. Sept. 9, 2020).

[28] *Id.* at *1.

[29] *Id.* at *14.

testify about "elements of the law, East Penn's intent, or whether East Penn actually acted reasonably."[30]  In this respect, then, *Scalia* is consistent with the Court's holding in this case.

Defendant also points to *Hicks v. Mercedes-Benz U.S. International, Inc.* as an example of a case in which Mr. Farrington was permitted to testify over the opposing party's objection.[31] In that case, Mr. Farrington's report, like his report here, addressed the question of whether the duties of a particular job satisfied an exemption under the FLSA.[32] In *Hicks*, however, Mr. Farrington's opinions regarding whether the position was exempt was offered to help the jury analyze not whether the position was in fact exempt but whether the defendant's decision to characterize the position as exempt was reasonable for purposes of assessing the defendant's good faith defense under the Portal-to-Portal Act.[33] Because Mr. Farrington's report did not instruct the jury what conclusion to reach on the good faith defense, the court denied the motion to exclude the report.[34]  In contrast, Mr. Farrington's report in this case does instruct the jury what conclusion it should reach on the exemption issue—the ultimate legal issue in the case. *Hicks*, then, is not persuasive to the Court.

The cases listed by Mr. Farrington in his report in which he has testified in the last four years are also not helpful to the Court's analysis here.  Of the eight cases identified by Mr. Farrington, four cases appear to be arbitrations where the evidentiary standards applicable here simply do not apply and where concerns about usurping the functions of the Court and jury do

---

[30] *Id.*

[31] *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:08-CV-0536-LSC, 2009 WL 10688810, at *1 (N.D. Ala. Apr. 22, 2009).

[32] *Id.* at *5.

[33] *Id.*

[34] *Id.* ("The ultimate legal conclusion the jury must make is whether Defendant was acting in good faith in accordance with the Portal-to-Portal Act. Farrington's report does not purport to make that judgment.").

not exist. The remaining four cases do not appear analogous to the situation here—Mr. Farrington's testimony in those cases concerned the reasonableness of the employer's conduct, whether to include certain types of payments in a regular-rate-of-pay calculation, and whether certain activities constituted "compensable work" under the FLSA. There is no indication that Mr. Farrington's opinions in those cases involved the application of an overtime exemption or otherwise usurped the jury's fact-finding function or the Court's function in instructing the jury on the law.

Because Mr. Farrington's opinions are not properly within the scope of expert testimony, the Court finds that the expert report should be stricken in its entirety and Mr. Farrington will not be permitted to testify at trial. The court declines Defendants' invitation to strike those portions of Mr. Farrington's report that constitute legal conclusions or that usurp the jury's role as fact finder and to permit Mr. Farrington to testify consistent with admissible statements in the report. After the Court has excised the inadmissible portions of the report, there is simply nothing left in the report on which Mr. Farrington might appropriately opine.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiffs' motion to exclude Defendants' expert Brian Farrington (doc. 193) is granted in its entirety.

**IT IS SO ORDERED.**

Dated: December 3, 2024

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE