IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GONZALEZ GOMEZ, et al.,
on behalf of themselves and others
similarly situated,

    Plaintiffs,

v.

EPIC LANDSCAPE PRODUCTIONS, L.C., et al.,

    Defendants.

Case No. 22-2198-JAR-ADM

**MEMORANDUM AND ORDER**

    Plaintiffs bring this purported class and collective action under the Fair Labor Standards Act ("FLSA") and related wage laws, alleging defendants Epic Landscape Productions, L.C., Epic Landscape Productions, Inc., John Constant, and Marty Siler (collectively, "Epic") willfully failed to pay them overtime compensation. This matter is now before the court on plaintiffs' motion to find Epic in contempt of court, to compel, and to impose sanctions. (ECF 297.) Plaintiffs allege Epic disobeyed court orders by not producing accurate lists of current and former employees for use in providing notice under the FLSA and Federal Rule of Civil Procedure 23. As explained below, the motion is denied without prejudice as premature because the parties have not adequately met and conferred.

    Plaintiffs are current and former landscape laborers whom Epic employed as hourly employees. They allege that Epic refused to pay them overtime compensation when they worked more than 40 hours in a workweek. On May 30, 2022, plaintiffs filed this action, asserting one FLSA collective claim and four Rule 23 class claims. On April 28, 2023, the court conditionally certified the case as an FLSA collective action, defined a conditional class, and ordered Epic to

produce a list of putative class members.  (ECF 76, at 12.)   In response, Epic produced a list on May 12, 2023 ("the FLSA list").  (*See* ECF 313-1.)  On October 29, 2024, the court granted class certification of plaintiffs' other claims and certified three classes.  (ECF 288, at 31.)  On December 5, 2024, the court ordered Epic to produce a list of all individuals "who fall within at least one of the three classes."  (ECF 293.)  In response, Epic produced a list on January 2, 2025 ("the Rule 23 list").  (*See* ECF 295.)

In the present motion, plaintiffs state that in January they "began an audit to compare" the FLSA and Rule 23 lists, which indicated "that both class lists provided by [Epic] were grossly incomplete."  (ECF 297, at 4.)  On January 29, plaintiffs notified Epic that they had found discrepancies between the two lists and asked Epic to "find out the methodology used to create both lists."  (ECF 313-9, at 3.)  Plaintiffs also asked Epic to provide available dates for a meet and confer.  (*Id.*)  The parties began to exchange emails about the discrepancies plaintiffs identified. These email exchanges continued as plaintiffs provided more information and Epic performed its own investigation into possible discrepancies.  On February 4, plaintiffs informed Epic of additional discrepancies and stated, "As you are going through these records, we would ask that you look into the issue as well."  (ECF 313-11, at 1.)  The very next day, despite Epic's responsiveness to emails and the parties' ongoing discussions and investigation into the matter, plaintiffs notified Epic that they would be contacting the court since "we have not had a meet and confer over this issue."  (ECF 313-11.)  Epic responded on February 6 that it "would like to work with you on this but are running into some challenges . . . explained below," and offered "to schedule a call if necessary to further hash this out."  (ECF 313-12, at 1.)  Less than an hour later, plaintiff contacted the court about the dispute.  (ECF 313-13.)  On February 10, Epic offered to bring Epic Landscape Productions, L.C.'s Chief Financial Officer, Ty Constant, to a meeting to

explain the methodology Epic used to produce the lists. (ECF 313-14.) But despite this offer and the parties' evolving understanding of what might have accounted for discrepancies between the two lists, plaintiffs filed their motion on February 12.

Plaintiffs' motion asks the court to find Epic in contempt of the court's orders to produce lists, to compel Epic to produce payroll journals,[1] to deem certain employees to have opted in to the FLSA claim, to direct plaintiffs to issue notice of the Rule 23 claims to certain employees, and to order Epic to pay plaintiffs' costs and attorneys' fees as a sanction. (ECF 297, at 11-12.) Generally, plaintiffs suggest Epic's original lists were intentionally incomplete (i.e., Epic is being nefarious). Epic responds that the incompleteness in the first lists was inadvertent and caused by using differing payroll-software systems and challenges with Spanish workers' surnames. Epic also notes that differing class definitions could partially explain the discrepancies.

The court has carefully read the parties' briefs and reviewed their supporting exhibits. Although it is difficult to view the true issues in this dispute given the mud being slung by both sides, one thing is clear: the class lists Epic originally provided were not 100% accurate.[2] What certainly is not clear, however, is the extent of the inaccuracies and the impact discrepancies might have had on developing each class. Without this basic understanding, the court cannot begin to address the appropriate remedies for the situation. Nor does the court have a solid basis for considering a finding of contempt and/or sanctions. The present state of affairs arises from the parties' failure to meet and confer about this issue—fully and in good faith. To put it simply,

---

[1] The Payroll Journals requested are not the subject of any discovery request or court order.

[2] Epic concedes that some individuals "were inadvertently left off." (ECF 313, at 2.)

plaintiffs jumped the gun in filing this underdeveloped motion that likely could have been avoided by further discussions.

Accordingly, the court orders the parties to meet and confer on these issues via Zoom. The court will be logged onto the Zoom meeting and, at minimum, will spot monitor the parties' discussions and progress toward clarifying matters and developing a mutually agreeable solution. The court expects the parties to confer civilly and to put forth a good-faith effort to reach agreement. It should go without saying that Mr. Constant must participate and identify the exact employees who were omitted from each list and answer plaintiffs' questions regarding the methodology used to create the lists. Epic also should clearly explain the updated lists that it produced. The parties should discuss a plan for notifying employees who were improperly omitted from the original lists produced. The court will contact the parties to arrange the date of this meet-and-confer session; the parties should plan for it to occur soon and potentially last all day. If necessary, the meet-and-confer will resume on additional dates. In order to set expectations in advance, the court wishes to make one thing clear: at the conclusion of the meet-and-confer process, it will expect the parties to jointly report the nature and the extent of any discrepancies and their proposed plan to rectify any such discrepancies. The most urgent concern, from the court's perspective, is fashioning an appropriate remedy to protect the parties—meaning, the class members. Until these threshold issues are more fully explored, the court has zero appetite for the amped-up sideshows about contempt and sanctions.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to find Epic in contempt of court, to compel, and to impose sanctions (ECF 297) is denied, as discussed above. The court will contact the parties to arrange a monitored meet-and-confer session.

Dated April 17, 2025, at Kansas City, Kansas.

5

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge