IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE GONZALEZ GOMEZ, et al., on behalf of themselves and others similarly situated,<br><br>      **Plaintiffs,**<br><br>v.<br><br>EPIC LANDSCAPE PRODUCTIONS, L.C., et al.,<br><br>      **Defendants.** | Case No. 22-2198-JAR-ADM |

**MEMORANDUM AND ORDER**

    Plaintiffs and those similarly situated seek overtime compensation in this collective action under the Fair Labor Standards Act ("FLSA") and class action under the Missouri Minimum Wage Law ("MMWL"). Before the Court is Plaintiffs' Motion for Order Directing Further FLSA Notices (Doc. 357). The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court grants in part, denies in part, and finds moot in part Plaintiffs' motion.

**I.    Background**

    At issue on this motion is to what extent additional opt-in notices were not, and now must be, sent to potential members of the FLSA collective. The Court conditionally certified the following collective in this matter on April 28, 2023: "All current and former lawn and landscape workers, who worked for the Defendants at any time from April 28, 2020 through [April 27, 2023]."[1] The parties were directed to meet and confer about the form and substance of a notice plan, and Defendants were ordered to provide Plaintiffs with a list of all individuals who meet

---

[1] Doc. 76 at 12.

the class description, including their current or last known address, phone number, and e-mail address, within 14 days of the Order. The Court approved the notice form on May 18, 2023.[2] The Notice gave putative members of the collective 45 days from the date of mailing to postmark and return their completed and signed Consent to Join Forms to Plaintiffs' counsel. And the Court directed Defendants to post a copy of the Notice at or near the time clocks at each of their locations for a period of 45 days. The Notice informs readers that this "lawsuit applies to employees who are or were employed by Epic in the position of lawn or landscape worker while working for Epic between April 28, 2020, and the present."[3]

After notices were sent out, Defendants moved to decertify and Plaintiffs moved for final certification of the FLSA collective. On October 29, 2024, the Court granted final collective action certification and denied Defendants' motion to decertify on the basis that certain FLSA exemptions applied to members of the collective and that they were not similarly situated.[4] The Court also granted Plaintiffs' motion to certify three different classes under Fed. R. Civ. P. 23 on Plaintiffs' state-law claims.

On December 5, 2024, the Court approved a notice form to be sent to the potential class members for the Rule 23 classes, and directed Defendants to provide Plaintiffs' counsel with a list of the individuals who fall within at least one of the three classes within four weeks. Plaintiffs provided notice to the individuals on the list provided by Defendants, and the opt-out period on the state law claims expired in February 2025 for these individuals.[5]

---

[2] Doc. 83.

[3] Doc. 79-1 at 2.

[4] Doc. 288 at 35.

[5] Doc. 310.

In the meantime, the parties moved for summary judgment. Relevant to the FLSA claim, Defendants admitted that they did not pay Plaintiffs overtime until July 4, 2021, but argued that two exemptions under the FLSA applied: the Motor Carrier Act exemption and the agricultural exemption. The Court denied the parties' cross motions for summary judgment on the Motor Carrier Act exemption, and granted summary judgment in favor of Plaintiffs on the agricultural exemption.[6] The Court also granted summary judgment in favor of Defendants on Plaintiffs' state-law claims for breach of contract and unjust enrichment. Thus, only the FLSA and MMWL claims remain.

In the instant motion, Plaintiffs assert that when they compared the notice lists that Defendants produced to them after each of the Court's certification orders, they noticed discrepancies and suspected that both class lists that Defendants provided were incomplete.[7] Before completing a meaningful meet and confer session with Defendants, Plaintiffs proceeded to litigate the issue, prematurely asking the Court to hold Defendants in contempt.[8] Presiding Magistrate Judge Mitchell denied the motion for contempt and ordered the parties to meet and confer and re-brief the issue if they could not resolve it. The parties have now met and conferred and were able to narrow the issues in dispute. Plaintiffs ask the Court to allow supplemental notices to be sent to several potential members of the collective who should have but did not receive notice after the Court conditionally certified the collective. Defendants do not oppose the request as to most of these individuals, but object to sending notices to individuals they claim do not fall within the class definition of current and former lawn and landscape workers. The parties also dispute how equitable tolling should be applied in light of these supplemental

---

[6] Doc. 346.

[7] Doc. 357 at 1–2.

[8] *See* Doc. 343.

notices. The Court first addresses which individuals identified by the parties must receive notice and then considers tolling.

## II. Discussion

### A. Who is Entitled to Notice

#### 1. Current and Former Employees Actually in Dispute

Plaintiffs identify two "batches" of individuals they claim should have been provided with notice after the collective was conditionally certified, but were not.

According to Plaintiffs the first batch of 34 individuals did not receive notice of the collective action in 2023 but should have.[9] Within this batch, the parties agree that 14 do not need to receive notice because they are either named Plaintiffs or already consented to join. Of the remaining 20 individuals in this batch, the parties only dispute whether one should receive notice: Christopher Wright. According to Defendants, Wright is not a current or former lawn or landscape worker. Instead, he is a mechanic, so he does not fall within the class definition and need not receive notice. Plaintiffs respond that Wright's job duties as a mechanic qualify him to receive notice of the lawsuit.

Plaintiffs identify a second batch of eight individuals for whom the parties dispute whether they should have received notice. Both sides acknowledge that two of these individuals have already consented to join in this litigation, so there is no need to send them a new notice, leaving six individuals in dispute. Like their objection to Mr. Wright, Defendants contend that these six remaining individuals are not entitled to notice because they are current or former mechanics, not current or former lawn or landscape workers.

---

[9] *See* Doc. 357-1 (Ex. A, listing names and employee identification numbers for this batch of individuals).

In sum, the parties agree that 19 individuals must receive notice of their right to opt in to this collective action because they were incorrectly omitted from the list that was used to send notices in 2023.[10] The parties dispute whether 7 individuals fall within the scope of the class definition and should receive notice.[11] The remaining 16 individuals identified on Plaintiffs' lists need not receive notice because they have either already received a notice, are named plaintiffs, or have consented to join the collective.[12] Thus, Plaintiffs' motion is moot as to these 16 names and must be granted as to the 19 individuals they agree should receive notice. The Court thus proceeds to consider the only issue in dispute—whether the 7 mechanics identified by Plaintiffs are entitled to notice of their right to opt in to the collective.

### 2. Whether Mechanics Are Part of the Collective

The Court certified a collective of "current or former lawn and landscape workers" employed by Defendants during the applicable time period. Plaintiffs argue in this motion that mechanics are included in the collective definition; Defendants argue they are not. To support their position, Plaintiffs contend: (1) several individuals have filed consents to join who work in "equipment repair"[13] that have not been challenged by Defendants; (2) Defendants have submitted declarations and deposed several of these equipment repair personnel; and (3) case law supports focusing on the job duties and not titles for purposes of sending notice, and the Court's

---

[10] The employee identification numbers for these 19 individuals are: alle00, caro00, conn01, garv00, glan00, guti13, hill01, knau00, kohl01, lewi05, mart19, morr03, nels07, pren00, verg00, warn00, west01, wohl00, youn01. *Id.*

[11] The employee identification numbers for these 7 individuals are: wrigh03, blan04, cull00, gill04, hawk00, mile00, rose, 01. *Id.*; Doc. 357-2 (Ex. B, listing names and employee identification numbers for the second batch of individuals).

[12] The employee identification numbers for these 16 individuals are: agui19, ague02, baut05, carp02, coll07, fave00, miora03, pere00, quin01, roch00, sala03, sanc07, vale01, vale03, mald04, pond00. Docs. 357-1, 357-2.

[13] The parties appear to agree that "mechanics" and "equipment repair" personnel are the same job category.

5

prior orders found that these individuals were similarly situated for purposes of receiving opt-in notices for the collective.

Plaintiffs' arguments suggesting waiver are unavailing. Importantly, they do not cite the Court to authority for the proposition that Defendants waived the right to argue that these employees do not fall within the scope of the class definition by relying on their statements to support an exemption defense. Plaintiffs point to Defendants' deposition of Antonio Banuelos Sanchez, a mechanic, on February 21, 2024, where counsel asked him questions about his job duties.[14] They argue that this deposition testimony shows that Sanchez was a mechanic, yet Defendants treated him as part of the collective. But Defendants point to other parts of his deposition and contend that he was also a lawn and landscape worker, which is why he falls within the collective definition.[15] The Court declines to find Defendants waived the right to challenge whether these individuals fall within the class definition. And even if a waiver argument was available to Plaintiffs, Sanchez's deposition fails to show that Defendants treated him as strictly a mechanic who was part of the collective.

Plaintiffs contend that in deciding who should receive notice, the Court should focus on the employees' job duties and not their titles. Indeed, in its final certification order, the Court found that "Defendants' own internal productivity reports and Plaintiffs' representative testimony suggest that Plaintiffs, despite minor differences in tasks and regardless of job title, all spend or spent the significant majority of their time performing routine lawn-and-landscape manual work."[16] On this motion, Defendants submit evidence that the mechanics do not spend a

---

[14] Doc. 357-3 (Ex. C).

[15] Doc. 359-2 at 2 (Ex. 2 at 20:10–14).

[16] Doc. 288 at 8. Contrary to Plaintiffs' representation, the Court did not "determine[e] that all who have joined thus far are properly similarly situated, regardless of any nuances presented by Defendants' attempts to certify this matter." Doc. 357 at 8.

significant amount of their time performing routine lawn-and-landscape manual work. Instead, they "keep the equipment up and running."[17] The diesel mechanics "work on trucks and equipment. [They] perform oil changes, change belts, maintain equipment, replace engines, rebuild engines, skid loader work, and fabrication, among other things."[18] Defendants also submit evidence that the lawn and landscape workers bring their vehicles to the mechanics at the end of the day to be repaired.

Moreover, at the summary-judgment stage, Defendants argued that to the extent mechanics were part of the collective, they are exempt under the Motor Carrier Act exemption. In its summary-judgment order, the Court addressed the parties' dispute about whether the Motor Carrier Act exemption applied to various classes of employees, including mechanics. In support of the exemption argument, "Defendants point[ed] to limited evidence that they maintain a separate mechanic shop and that mechanics perform tasks such as changing belts and replacing engines."[19] While the Court deemed the evidence on this point limited, it went on to state:

> [T]he evidence suggests that these mechanics are not performing laborer duties at all but work in the mechanic shop and that they have job titles such as 'diesel mechanic' which appears distinct from the 'lawn and landscape workers' and 'hourly laborers' who make up the FLSA collective and the MMWL class respectively. In other words, Defendants have not demonstrated at this juncture that the MCA exemption for "mechanics" applies to any member of the FLSA collective and/or MMWL class.[20]

Although the Court denied Defendants' summary judgment motion as to that defense, it concluded that Defendants did not show that the exemption applied to mechanics because the

---

[17] Doc. 359-1 at 2 (Ex. 1 at 16:17–18).

[18] Doc. 359-3 (Ex. 3 ¶ 10).

[19] Doc. 346 at 23.

[20] *Id.* at 23–24.

evidence suggests that these workers were not even part of the collective.  The Court now finds that neither the evidence provided at summary judgment, nor the evidence submitted on this motion demonstrates that the mechanics' work involved performing manual lawn and landscape duties; thus, they are not entitled to receive a re-issued notice to opt in to this lawsuit.

### B. Remedy

Plaintiffs ask the Court to re-issue notice to the workers that should have but did not receive one, equitably toll the statute of limitations, and allow those who did not consent to join the litigation in time and who are not named plaintiffs to continue to participate.  In a footnote, Plaintiffs also ask that "any individuals who Defendants contend should be removed from the matter by reason of formality (i.e. untimely consents to join, or other formality-related reasons) be allowed to continue as part of this litigation."[21]

Defendants do not object to re-issuing notice to the 19 individuals identified above that the parties agree should have received notice in 2023.  And Defendants agree that the statute of limitations should be equitably tolled for those individuals.  But Defendants contend that the statute should only be tolled during the period between when the original notices were issued and when they are re-issued pursuant to this Court's Order.  Defendants object to all other relief Plaintiffs request in their motion.

The statute of limitations for FLSA actions is two years after accrual, unless the cause of action arises out of a willful violation, in which case it is three years.[22]  The limitation period ends for members of a collective when they file a consent to opt-in.[23]  Although the Tenth Circuit

---

[21] Doc. 357 at 9 n.7.

[22] 29 U.S.C. § 255(a).

[23] *Stransky v. HealthONE of Denv., Inc.*, 868 F. Supp. 2d 1178, 1180 (D. Colo. 2012) (citing 29 U.S.C. § 256(b)).

has not addressed whether equitable tolling applies in the FLSA collective action context, "district courts in this Circuit uniformly have agreed that tolling can, in some circumstances, apply."[24] To determine whether equitable tolling applies in the FLSA context, these courts have considered the following five factors: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."[25]

The Court agrees with the parties that equitable tolling is appropriate for the 19 employees who should have but did not receive notice of their right to join in this lawsuit. These individuals lacked actual notice of the lawsuit and their omission from the notice list was within Defendants' control, so the Court does not find prejudice to Defendants in equitably tolling the statute of limitations for these individuals as a remedy. But Plaintiffs fail to cite the Court to any authority that equitable tolling should begin on April 28, 2020, the first day of the period provided for in the class definition. "In the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit."[26] Instead, tolling should begin on the date when the Court directed Defendants to provide Plaintiffs with the list of names and addresses that would be used

---

[24] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 927 (D. Kan. 2021) (collecting cases).

[25] *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)); *see also, e.g.*, *Stransky*, 868 F. Supp. 2d at 1181 (citing *In re Bank of Am. Wage & Hour Emp't Litig.*, No. 10–MDL–2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010)).

[26] *Stransky*, 868 F. Supp. 2d at 1182 (quoting *Baden–Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 828–29 (S.D. Ohio 2007)).

to facilitate notice—April 28, 2023. The statute is therefore tolled from that date until 90 days after the new opt-in Plaintiffs receive this re-issued notice.[27]

Plaintiffs' additional requests for remedial action are denied. Defendants' omission of 19 individuals on the original notice list did not impact any other opt-in Plaintiffs. Plaintiffs offer no authority for remedial action beyond the individuals who did not receive notice, and there is no reason to craft such a remedy since they were wholly unimpacted by the omission of 19 other individuals from the original list.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Order Directing Further FLSA Notices (Doc. 357) is **granted in part, denied in part, and moot in part**. Plaintiffs' motion is moot as to 16 individuals who have already received notice through other means, granted as to 19 individuals the parties agree should receive notice, and denied as to 7 individuals who were in dispute because they do not fall within the class definition.

**IT IS FURTHER ORDERED** that the previously-approved Notice found at Doc. 79-1 shall be sent in both English and Spanish to the 19 individuals identified above by United States Postal Service first class mail, postage pre-paid, and by electronic mail, when an email address is known for a particular putative member of the collective. These notices shall comply with the Court's previous Notice Order found at Doc. 83.

---

[27] Plaintiffs ask that "the putative supplemental notice recipients' statutes of limitations be tolled from April 28, 2020 (plus periods of agreed tolling), consistent with ECF Doc. 76." Plaintiffs do not provide a pin cite to the conditional certification order to support this request, and the Court does not find that it supports Plaintiffs' argument. The Order discusses three requests for equitable tolling that Plaintiffs made at that time and denied them all. First, the Court declined to add 120 days to the period set forth in the class definition to reflect a tolling agreement between the parties. Doc. 76 at 10. Second, the Court declined Plaintiffs' request that the statute of limitations be tolled for putative class members from the date Plaintiffs filed the conditional certification motion until the close of the opt-in period. *Id.* at 12. Third, the Court denied Plaintiffs' request that the statute of limitations be tolled during any meet-and-confer period. *Id.* Thus, the conditional certification Order contains no equitable tolling provision that should be imported into the re-issued notices for these individuals.

**IT IS FURTHER ORDERED BY THE COURT** that the statute of limitations is equitably tolled for the 19 individuals identified above from April 28, 2023 until 90 days after they receive the re-issued notice.

**IT IS SO ORDERED.**

Dated: February 3, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
